NATIONAL LIFE INSURANCE COMPANY v. GREGG.

Opinion delivered March 2, 1925.

1. INSURANCE—CONSTRUCTION OF POLICY AS A WHOLE.—As it is the duty of the court to give effect to all of the clauses of a policy of insurance, a clause defining the insured's liability and containing no stipulation against liability will be construed not to conflict with another clause containing a clear and unambiguous stipulation against liability for injury from specified causes.

2. INSURANCE—WAIVER OF STIPULATION.—Where the insurance company wrote two letters requesting certain proofs and expressly stating that it neither admitted nor denied liability, a third letter constituting a mere continuation of the request for proofs will not be a waiver of a stipulation concerning non-liability.

Appealed from Craighead Circuit Court, Jonesboro District; *G. E. Keck,* Judge; reversed.

*Gordon Frierson* and *Carmichael & Hendricks,* for appellant.

The court erred in holding that the covering clause could be extended by waiver. 122 Ark. 468. The company had the right to fix the terms and conditions upon which it would insure appellee. 143 Ark. 374. Where there is no ambiguity, policies of insurance must be interpreted according to the plain import of the language used. 161 Ark. 597. As to the question of the violation of law, we think the case of *American National Ins. Co.* v. *White,* 126 Ark. 493, controls in this case. See also, 13 L. R. A.

(N. S.) 262; 261 S. W. 320; 132 Ark. 546; 12 Am. St. Rep.
484; 59 Am. St. Rep. 476; 25 Am. St. Rep. 685.

*Hawthorne, Hawthorne & Wheatley,* for appellee.

There was no error in holding that the covering
clause was extended by waiver. 134 Ark. 52; 128 Ark.
92; 96 U. S. 234; 24 L. Ed. 689; 217 U. S. 323; 54 L. Ed.
782; 96 U. S. 234; 187 U. S. 335; 183 U. S. 308; 164 Ark.
75; 53 Ark. 494; 14 R. C. L. 1181, § 357; 25 Cyc. 872
Requests for further proofs of loss constitutes a waiver
of known forfeitures.    152 Ark. 64; 14 R. C. L. 1197; 74
So. 807; L. R. A. 1917-D 1091, 164 Ark. 608; 163 Ark. 7;
118 Ark. 22; 53 Ark. 494.

When a clause in a contract of insurance is suscep-
tible of two constructions, that one will be adopted which
is most favorable to the assured. 74 N. E. 964; 8 L. R.
A. (N. S.) 708; U. S. 25; 46 L. Ed. 64; 46 Tex Civ. App.
394; 102 S. W. 773; 34 L. R. A. 301; 59 Am. St. Rep. 473;
36 S. W. 169.

McCULLOCH, C. J. Appellant issued to George
McGee its policy of indemnity for "loss of life or time
by either accident or sickness and for loss of limb or
sight by accidental means," the total sum payable for
loss of life being $200. The policy was payable to
appellee's intestate, Mary McGee, who was the wife of
George McGee. While the policy was in force, George
McGee came to his death as the result of a pistol shot
fired by Toney Dowell, and this action was instituted
against appellant by appellee's intestate, Mary McGee, to
recover the sum of $200, the amount specified in the
policy as a death benefit. There was a recovery in the
trial below, and, after the appeal was prosecuted here,
Mary McGee died, and the cause was revived in the name
of appellee as administrator of her estate.

The pertinent clauses in the policy are as follows:
"Total Accident Disability."

"(A). At the rate of twenty dollars per month for
the period, not exceeding five consecutive years, that
bodily injuries effected during the life of this policy,
solely through external, violent and accidental means,

shall, directly and independently of all other causes, wholly and continuously, from date of accident, disable and prevent the insured from performing every duty pertaining to his business or occupation, and require and receive at least once in each seven days the attendance of a legally qualified physician or surgeon, but shall not result in any of the losses mentioned in paragraph C.''

"Specific Total Losses."

"(C). If the injuries described in paragraph A shall, independently of all other causes, immediately, wholly and continuously from date of accident disable and prevent the insured from performing every duty pertaining to his business or occupation shall, during the period of such disability and within ninety days from date of accident, solely result in any one of the following specific total losses (suicide, sane or insane, is not covered), the company will pay, in lieu of all other indemnity except that arising under paragraph L * * *, but only one specific total loss (the greater) resulting from one accident will be paid."

"Not Covered."

"(F). This policy does not cover injuries, fatal or non-fatal, which are received as the result of or while violating law or being under the influence of any narcotic or intoxicant or on the right-of-way or other property of a railway corporation, other than stations, platforms or regular crossings prescribed by law, not being at the time a passenger or employee of such railroad in the discharge of duty, or which are caused wholly or in part by the intentional act of any person other than the insured (assaults committed on the insured for the sole purpose of burglary or robbery excepted).''

It is, as before stated, undisputed that George McGee came to his death as the result of a pistol shot fired by Toney Dowell, and the evidence tends to show that Dowell fired the shot intentionally, but was acting in self-defense, but it may be said that the evidence on the matter of self-defense was conflicting.

The court refused to submit the case to the jury, and, on the trial, gave a peremptory instruction in favor of the plaintiff for the recovery of the full amount specified in the policy.

Appellant defends on the sole ground that the fatal injury of the assured resulted either while he was violating the law or from the intentional act of Toney Dowell in firing the shot. On the other hand, it is contended by counsel for appellee, in support of the judgment, that clause "F" of the policy is in conflict with clause "C," under which liability is predicated, and that the former must control, there being no condition or stipulation against liability in that clause. Our conclusion is that this contention is not well founded, for the various clauses of the policy are to be read together, and clause "F" is a clear and unambiguous stipulation against liability where an injury results from either of the causes mentioned therein. The several clauses can be read together in harmony, and it is our duty to do so and give full effect to all of the clauses of the policy to the extent that they are harmonious.

It is next contended by appellee that there was a waiver on the part of appellant of the stipulation concerning non-liability for injuries resulting from causes mentioned in clause "F" of the policy. On the other hand, it is the contention of counsel for appellant that the policy does not cover the causes of injury mentioned in clause "F," and that therefore a waiver cannot create liability. It is also contended that there was, in fact, no attempt at waiver and no conduct on the part of appellant or its agents which would constitute waiver. The shortest way out of this controversy is to determine whether or not there was a waiver, pretermitting any decision of the dispute as to the effect of clause "F."

According to the evidence in the case, there was correspondence between appellant and Mary McGee, through the latter's attorney, concerning the proofs in the case, and appellant, in the correspondence, asked for

proofs as to the manner in which George McGee came to his death. Each of the letters written by appellant, except one of them, contained a statement to the effect that, in requesting proofs, the company neither denied nor acknowledged liability, but desired to obtain information for use of the claim department. This statement was contained in the first letter and in another, but in still another letter there was no qualification of the request for proof. In the face of the disclaimer, the requests for proof did not constitute a waiver. *Phoenix Insurance Co.* v. *Minner,* 64 Ark. 590; *Interstate Business Men's Accident Assn.* v. *Green,* 132 Ark. 546. It is not essential that the disclaimer should have been repeated in every letter of the continuous correspondence in order to keep it alive and prevent a waiver. Later letters constituted a mere continuation of the request for proofs, and it was stated in the beginning that the request should not be understood as either an admission or a denial of liability. We are of the opinion therefore that, according to the undisputed evidence, there was no waiver of the stipulation, whether the clause in question constitutes an exclusion from liability or a condition upon which liability rests.

Reversed and remanded for a new trial.