## MATTHEWS et v SHELBY MUTUAL PLATE GLASS & CASUALTY CO.

Ohio Appeals, 9th Dist, Summit Co.

No. 3090.  Decided Jan. 27, 1939.

Otto C. Moyer, Barberton, for appellees.

H. A. Waltz, Akron, and James Olds, Akron, for appellant.

## OPINION

By STEVENS, PJ.

The Shelby Mutual Plate Glass & Casualty Co. brings this matter before this court as an appeal on questions of law, complaining of three errors which it alleges occurred in the trial before the Municipal Court of Barberton.

The first error assigned concerns the admission of certain evidence offered by the plaintiff below; the second, that the judgment is contrary to law for the reason that plaintiffs failed to prove compliance with the contract upon which he sued; and the third, that the judgment of the court is contrary to law for the reason that there is no coverage under the policy.

The action is an attempt on the part of plaintiffs to recover from the defendant insurance company for damage sustained to their automobile, through occurrences which they alleged were within the coverage afforded by the terms of the insurance policy issued to them by the defendant company. That policy provided as follows:

"Coverage L—Comprehensive—To pay for loss or damage to the automobile when due to any cause except collision or upset. For the purposes of this coverage it is understood that damage caused directly by tornado, cyclone, windstorm, hail, falling aircraft or parts thereof, and damage resulting from theft, breakage of glass, earthquake, explosion, riot, insurrection or civil commotion, shall not be deemed a loss caused by collision or upset."

It is claimed that plaintiff Matthews parked the automobile along a certain road in Summit County, and that a very heavy rain and windstorm came up while the car was left standing along said road with the emergency brake set, the car in reverse gear, and the front wheels cramped so as to turn the car toward a high bank; that thereafter the car was found a half mile away from the place where it was parked, down a long hill, in a damaged condition, as the result of collision with a tent cottage and a tree.

It will be observed that said provision creating certain exceptions from loss caused by collision or upset provides that the damage in such excepted instances must be caused directly by the hazards excepted.

We find that reasonable minds could not reasonably reach the conclusion from the evidence in this record that the automobile in question was directly damaged by windstorm, within the meaning of that term as used in the policy, or through any of the exceptions provided under said clause of said insurance contract. To us it seems perfectly apparent that the damage to the automobile ensued as the result of a collision of the automobile with some object or objects; that such damage, not having been caused directly by any of the excepted hazards, is a loss occasioned by collision, and not covered by the provisions of the policy.

We are therefore of the opinion that the judgment of the court is contrary to law, for the reason that there is no coverage under said policy. Our conclusion with reference to this third assignment of error being dispositive of the case, no discussion of the first and second assignments of error is necessary.

The judgment will be reversed; and this court, proceeding now to render the judgment which the trial court should have rendered, orders that final judgment in favor of the defendant be entered.

Judgment reversed and final judgment for the defendant.

WASHBURN, J. & DOYLE, J., concur.