GUENTHER, Respondent, vs. AMERICAN INDEMNITY
COMPANY, Appellant.

*January 17—February 13, 1945.*

The cause was submitted for the appellant on the brief of *Benton, Bosser, Becker & Parnell* of Appleton, and for the respondent on the brief of *W. T. Kuchenberg* of Appleton.

Wickhem, J.   The facts are not in dispute.   Defendant issued a policy of insurance to plaintiff, the insuring clause of which provided as follows:

"Coverage H—Comprehensive—Loss of or damage to the automobile except by collision—To pay for any loss of or damage to the automobile, hereinafter called loss, including damage by missiles or falling objects, glass breakage from any cause but excluding all other loss, the primary and immediate cause of which is a collision of the automobile and any other object, an upset of the automobile, or a collision of the automobile and a vehicle to which it is coupled."

On November 28, 1942, while assured was operating his automobile on a public highway at a speed of from twenty to thirty miles an hour, a Greyhound bus approached from the opposite direction.   A chunk of ice was detached from the rear fender of the bus, hurled across the center line and against the left front part of assured's car.   The piece of ice was about twelve to fourteen inches in diameter and about twice that long.   The car was damaged and the parties injured by the impact.   As a result assured lost control, the car left the road, struck an embankment and sustained further damages. The cost of repairs was $517.51.   The damages by direct impact of the chunk of ice were $319.66.

Defendant claims that the damages were "the primary and immediate" result of a collision and excluded by the coverage clause of the policy.   Plaintiff claims that the damage was caused by a missile and that it is within the express coverage. Defendant claims further that even if the chunk of ice be treated as a missile the coverage is limited to damages caused by its immediate impact and does not extend to damage caused by contact between the car and embankment which defendant claims must in any case be treated as a collision.

The solution of this case involves the construction of an insurance policy and can be promoted only to a limited degree by dictionary definitions. We are concerned here with the sense in which the parties used the terms "collision" and "missile." Webster's dictionary defines the two terms as follows:

"Collision n. Act or instance of colliding; state of having collided; a violent meeting, as of automobiles."

"Missile n. A weapon or object thrown, or projected or intended to be projected."

"adj. Capable of being thrown; adapted for hurling, or to. be projected from the hand, or from any instrument or engine, so as to strike an object at a distance; also, adapted for throwing or hurling arrows, bullets, etc."

It probably would not be incorrect to say that a bullet collided with the thing at which it was shot, and yet the bullet would certainly be a missile. The size of an object does not detract from its quality as a missile. A four-thousand-ton bomb dropped from an airplane must be considered a missile. Whether it should be said to collide with or merely to strike the object at which it was hurled, the damage resulting from the impact is certainly produced by a missile. It is true that if without exploding it lands in a public highway and is run into by an automobile, its quality as a missile does not keep it from being a mere object with which the automobile has come into collision. In other words, the bomb is capable of being used as a missile, but it causes damage as a missile only when it is being used as such. Assuming the broadest dictionary definition that can be claimed for collision, the conclusion appears to us to be inevitable that certain types of collision, namely, those between a missile and an automobile, are covered by the policy. In this insurance policy we consider that the term "collision" relates to, (1) impact between the insured automobile and another vehicle or object moving upon the highway; or to (2) impact between the insured auto-

mobile and a stationary object or obstacle on or off the high-
way. We consider that it was the intent of the policy to pro-
vide coverage in cases where an object is hurled against or
dropped upon the automobile and this regardless of the size
of the object. In such cases the object becomes a missile.
The fact that it is hurled or dropped proves that it is capable
of being a missile.

Defendant claims that the fact that the premium on this
policy is very low indicates that the coverage was of unusual
and relatively trivial accidents. The accident in this case
qualifies as unusual, and we discover nothing in the language
of the policy to limit the coverage to trifling or trivial damage.

The number of cases cited has naturally not been large. We
discover nothing in any of the cases contrary to the conclusions
that we have reached. *Teitelbaum v. St. Louis Fire & M.
Ins. Co.* 296 Ill. App. 327, 15 N. E. (2d) 1013, where a parked
automobile was damaged when a person fell from the third
story of an adjoining building and landed upon it may perhaps
be considered to take a contrary view. The court there held
that that was a collision. The case is to be distinguished upon
the ground that there was no clause establishing coverage for
falling objects or missiles.

The argument that damages done to the automobile when it
went out of control and struck an embankment must in any
case be excluded is in our judgment fallacious. This was a
part of the damage caused by the missile and the insuring
clause only operates to exclude loss, the primary and imme-
diate cause of which is a collision. It follows that judgment
must be affirmed.

*By the Court.*—Judgment affirmed.