Randall et vir, Appellants, v. Stager et al.

Argued October 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Morton Meyers,* with him *Graham, Yost, Meyers & Graham,* for appellants.

*George Y. Meyer,* with him *Thomas A. Swope, Philip N. Shettig* and *Shettig & Swope,* for appellees.

OPINION BY MR. JUSTICE DREW, November 25, 1946:

On July 19, 1943, plaintiff, Anna Randall, was a gratuitous guest passenger in an automobile owned by one of defendants, Philip Stager, and operated by his son, Neal Stager, the other defendant. She had accepted an invitation of Mrs. Philip Stager and her husband to accompany them on a trip to Flint, Michigan, for the purpose of bringing back Neal Stager. The party was returning to Cambria County, Pennsylvania, where all the parties resided, when the automobile in which they were riding collided with a truck and serious dam-

ages resulted. Immediately prior thereto, the car was being operated in a general easterly direction on a three-lane concrete highway approximately eight miles east of the City of Toledo, in the State of Ohio. It was travelling at a speed of about forty-five miles an hour on a straight dry highway in broad daylight. The only other vehicle at the time near the point of the accident was a large truck, which was being operated in the opposite, or westerly direction along the northern lane of traffic. As the two vehicles approached each other, and, when the Stager car was about seventy-five feet from the truck, it suddenly turned left, ran across the intervening, or central lane of the road, and collided with the truck, which was then as far over on its side of the highway as it was possible to get. Mrs. Randall was asleep in the rear seat of the car at the time and was painfully and permanently injured. She and her husband brought this suit to recover their damages. After verdicts in their favor, the learned court below, on defendants' motion, entered judgment n. o. v. for defendants, on the ground that plaintiffs were required by the law of Ohio to show defendants were guilty of "wilful or wanton misconduct", and this they had failed to do. In passing on plaintiffs' appeals we shall consider the evidence in the light most favorable to them and resolve all doubts and inferences in their favor: *Chidester v. Pittsburgh*, 354 Pa. 417, 47 A. 2d 130.

The law of the State of Ohio, the lex loci delicti, governs this case: *Mackey v. Robertson*, 328 Pa. 504, 506, 195 A. 870. Section 6308-6 of the Motor Vehicle Laws of Ohio (Throckmorton's Annotated Code of Ohio, 1934) provides: "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are

caused by the *wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.*" (Italics added).

The known facts concerning this accident are such that a jury could not properly infer from them "wanton misconduct". In *Universal Concrete Pipe Company v. Bassett,* 130 Ohio State, 567, 200 N.E. 843, it was said: "Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury."

In the instant case there is not a scintilla of evidence from which the jury could have inferred that Neal Stager was "conscious", from his knowledge of the surrounding circumstances and existing conditions, that his conduct would in all common probability result in injury to anyone. In addition to the facts herein set forth, he was an experienced driver. Plaintiff, Mrs. Randall, testified that he was a careful driver. Neal Stager's father, who was sitting next to him at the time of the accident, could offer no explanation as to the cause of the collision. The evidence merely shows an unexplained accident, which could have occurred in a number of ways. We are mindful of the fact that in certain unexplained accident cases a jury may infer negligence on the part of defendant from the surrounding circumstances. There is a difference of kind, not merely of degree, however, between wanton misconduct and negligence. "An action based upon willful or wanton misconduct is apart from the action for negligent conduct . . . [since] negligence does not have for its base either willfulness or wantonness, while misconduct which is merely negligent is never either willful or wanton:" *Bordonaro v. Senk,* (Supreme Court of Errors of Connecticut), 147 A. 136, 137. It can-

not reasonably be contended, therefore, that wanton misconduct may be inferred by a jury from the circumstances surrounding an unexplained accident, because negligence may rightly be inferred from such circumstances, no matter how gross the negligence may appear to have been. Before a jury may infer that a defendant was *"conscious"*, from his knowledge of the surrounding circumstances and existing conditions, that his conduct would in all common probability result in injury, there must be evidence from which the jury can deduce what caused the accident. Then, and only then, is a jury justified in considering whether a defendant is guilty of wanton misconduct.

In the case of *Haacke v. Lease,* (Court of Appeals of Ohio, Clark County), 41 N.E. 2d 590, three young men on a pleasure trip were driving on a straight, level and improved highway and the attention of the driver was attracted to a certain building about five hundred feet away from the highway. There was no complaint by the other occupants of excessive speed, and the evidence as to whether or not the driver's attention was so diverted that he could not properly drive the car is not clear. However, the car suddenly turned to the left, crossed the road, over the berm, and turned over. There was no direct testimony as to the cause of the sudden turning of the car across the highway. Under these facts, the court was asked to determine whether the driver was guilty of wanton misconduct. The court said: "The road was open, straight, level and well paved. His speed was reasonable. No cars were on the road. Nobody really knows what caused the car to swerve to the left, whether it was a blow-out on a hot day or some slight obstruction on the highway or an unconscious turning by the driver to the left . . . There are no facts of which he had knowledge which disclosed on their face the elements of wilfulness or wantonness or acts which manifested a disposition on his part to

perversity or a knowledge that his conduct would in all common probability result in injury."

A showing of mere negligence, or even gross negligence, is not enough. There is no evidence in the instant case that could possibly give rise to even a conjecture of wilful or wanton misconduct in the operation of the car.

Appellants also contend that simple negligence is sufficient to sustain a recovery against Neal Stager, arguing that since Mrs. Randall was not his guest, section 6308-6 of the Motor Vehicle Laws of Ohio, supra, is not applicable as to him. The language of the statute is too clear on this point to admit of any doubt. The Legislature clearly intended that any person riding gratuitously in the car could only recover from the "owner, operator, or person responsible for its operation" upon proof that such person was guilty of "wilful or wanton misconduct". We are convinced that Neal Stager was not liable to any guest in the car, since he was not guilty of such misconduct. If the Legislature had intended to limit the operation of the statute to the person who invited the "guest", it could easily have said so.

Judgments affirmed.