## Murphy et ux. *v.* Insurance Company of North America, Appellant.

Argued December 5, 1946. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE, and JONES, JJ.

*Michael A. Foley,* for appellant.

*Cecil P. Harvey,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1947:

Charles J. Murphy and Edith L. Murphy, appellees, instituted this action in assumpsit against the Insurance Company of North America, appellant, to recover the value of a house alleged to have been destroyed by windstorm. The action is based upon a fire policy issued by appellant to which was attached an extended coverage rider, insuring against windstorm, cyclone, etc., but expressly excluding: "Damage caused by water or water driven by the wind." The policy was in the sum of $4,000, $3,500 of which was on the building and $500 on the contents.

Appellees' house was situate at 4816 Marine Place, Sea Isle City, New Jersey. On September 14, 1944, between four and six o'clock in the afternoon there was a severe wind and rain storm at Sea Isle City. The rain continued most of the day, and about 4:00 P.M. the wind increased in intensity. One Rae K. Culver, who resided about half a block away, saw a portion of appellees' house blown into the street. About 5:20 P.M. she observed that appellees' house was still standing. When she next observed said house about 7:30 P.M. it had collapsed. Mrs. Culver testified that she saw a section of appellees' roof blown away in the street and then, later, another section blown down. Thereafter, the wind in-

creased in velocity, except: "It didn't come one way, it started to go every way, around in a circle." The storm continued and the wind did not abate until approximately six o'clock. The photographs introduced in evidence clearly show the effect of the storm and the extent of the damage.

The jury was carefully instructed that appellees could recover only "if the damage was brought about by the wind itself directly." The jury returned a verdict for appellees in amount of $3,844.89, representing a $3,500 loss, with interest thereon.

Appellant contends that the evidence adduced is legally insufficient to sustain the verdict for the reason that the testimony regarding the cause of destruction was purely circumstantial, and the jury's finding conjectural. The evidence, when considered most favorably to appellees, does not establish with any degree of certainty that the destruction was occasioned directly by water or water driven by wind. This Court cannot say, as a matter of law, that the evidence adduced does not establish with reasonable certainty that the direct cause was not the windstorm. Whether the loss was occasioned directly by wind or water driven by wind was a question of fact properly submitted to the jury, and it has found that the resulting damage was occasioned solely by the wind.

Judgment affirmed.