WITHERSPOON *v.* THE LUMBERMEN'S MUTUAL INSURANCE COMPANY.

4-8212                      203 S. W. 2d 185

Opinion delivered June 9, 1947.

*A. F. House,* for appellant.

*Glenn F. Walther,* for appellee.

HOLT, J. April 25, 1946, appellant, Lawrence Witherspoon, brought this suit, and in his complaint alleged: "The defendant is a mutual insurance company authorized to do business in Arkansas. On the 21st day of July,

1944, it issued to the plaintiff its policy No. LA38849. A copy of said policy is attached, made a part hereof, and marked Exhibit 'A.' The half ton truck described in the policy was being operated by an agent of the plaintiff on or about December 25, 1945, when such agent was blinded by the headlights of another car, went off the road, and turned over in a ditch. The accident occurred on Hays Street north of Roosevelt Boulevard. The truck was placed back on the highway and the agent of the plaintiff continued to operate it. Due to the fact that the oil had been drained out when the truck overturned, the motor was burned out, and by reason thereof the plaintiff sustained damages in the amount of $250.31.

"On the face of the policy there is a column entitled 'Coverage.' Beneath that in parentheses appear the words 'as hereinafter defined.' Immediately following such words is the following definition of 'Coverage': 'Comprehensive: Loss of or damage to the automobile, except by collision, but including fire, theft and windstorm. Limits of liability, $500.' In another portion of the policy there is fine print which undertakes to restrict the coverage as hereinabove described, but said fine print is in conflict with the provisions hereinabove quoted."

The pertinent provisions of the insurance policy were: "Item 3. In consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy, the company agrees to pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, sustained during the policy period, with respect to such and so many of the following coverages as are indicated by specific premium charge or charges:

| Coverages (as hereinafter defined) | Limits of Liability (Insert Amt. or 'Actual Cash Value') | Net Rate | Premium |
|---|---|---|---|
| A Comprehensive—Loss of or Damage to the Automobile, Except by Collision but including Fire, Theft and Windstorm | $500.00 | $4.80 | $24.00 |
| B-1 Collision or Upset | * * * | | $_____ |
| B-2 Convertible Collision or Upset, Additional Payment $_____ | Actual Cash Value | | $_____ |
| C Fire, Lightning and Transportation | $_____ | $_____ | $_____ |
| D-1 Theft (Broad Form) | $_____ | $_____ | $_____ |
| D-2 Theft (Deductible Form) | $_____ | $_____ | $_____ |
| E Windstorm, Earthquake, Explosion, Hail or Water | $_____ | $_____ | $_____ |
| F Combined Additional Coverage | $_____ | $_____ | $_____ |
| G Towing and Labor Costs | $10 for each disablement | $_____ | $_____ |
| | TOTAL PREMIUM | | $24.00 * * * |

"INSURING AGREEMENTS (Subject to the limits of liability, exclusions, conditions and other terms of this policy.) INSURANCE COVERAGES DEFINED. COVERAGE A—COMPREHENSIVE—Loss of or Damage to the Automobile, Except by Collision. Any loss of or damage to the automobile except loss caused by collision * * * or by upset of the automobile, etc."

Appellant prayed for damages in the amount of $250.31, penalty and attorney's fee.

Appellee, insurance company, filed demurrer, in which it alleged: "Defendant demurs to the complaint of the plaintiff for the reason that said complaint does not state facts sufficient to constitute a cause of action in that the damage sustained by the plaintiff is not covered by the policy of insurance upon which the suit is based."

The court sustained the demurrer, and upon appellant's refusal to plead further, dismissed his complaint. This appeal followed.

Appellant contended below, and argues here, that the insurance contract covered all damages to his truck resulting from an "upset." The trial court found against this contention, and we think correctly so. "It is also a well-settled rule in construing a contract that the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement. In fact, it may be said to be a settled rule in the construction of contracts that the interpretation must be upon the entire instrument, and not merely on disjointed or particular parts of it. The whole context is to be considered in ascertaining the intention of the parties, even though the immediate object of inquiry is the meaning of an isolated clause," *Fowler* v. *Unionaid Life Insurance Company,* 180 Ark. 140, 20 S. W. 2d 611; and in *National Life Insurance Company* v. *Gregg,* 168 Ark. 80, 269 S. W. 62, this court held (headnote 1): "As it is the duty of the court to give effect to all of the clauses of a policy of insurance, a clause defining the insured's liability and containing no stipulation against liability will be construed not to conflict with another clause containing a clear and unambiguous stipulation against liability for injury from specified causes."

While it is true that an insurance contract must be strictly construed against the insurer who prepared it, where no ambiguity or uncertainty appears, no place is found for the operation of the rule. We are unable to find any ambiguity or uncertainty in the language used in the policy before us. It seems to be in standard form.

It appears certain that the insured here did not intend to pay for, nor did the company intend to accept the risk for damages which arose from an "upset" of the truck. Item 3, *supra,* of the insurance contract definitely limited the insurance to the "Coverages as hereinafter defined," for which appellant, the insured, paid a "specific premium charge" in the amount of $24.

His total annual premium, as shown in Item 3, **was** $24 for "Coverage 'A'—Comprehensive—Loss of **or** Damage to the Automobile, Except by Collision but including Fire, Theft and Windstorm," and Coverage "A" as "Defined": "Any loss of or damage to the automobile except loss caused by collision * * * or upset of **the** automobile, etc."

Appellant paid no premium for Coverage "B-1, Collision or Upset," or for "B-2, Convertible Collision **or** Upset." Since he paid no premium for "upset" coverage, and since such coverage is expressly excepted from the policy coverage for which he did pay, we think it clear that the parties intended, and without ambiguity, expressed their intention that damages to the truck resulting from an "upset" were excluded and not covered.

Accordingly, the judgment must be, and is, affirmed.