## Styborski *v.* Hartford Fire Insurance Company, Appellant.

Argued March 12, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Stuart A. Culbertson,* for appellant.

*J. Perry Eckels,* for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

Frank Styborski, appellee, instituted this action in assumpsit to recover for damages to his barn under the provisions of a policy of insurance issued by Hartford Fire Insurance Co., appellant, insuring appellee against loss by windstorm. A jury rendered a verdict for the appellee in the amount of $1,500.00, and the insurer now appeals from the dismissal of its motions for a new trial and judgment n.o.v.

Appellant contends that the evidence is insufficient to warrant the submission of the case to a jury, and that there was insufficient evidence offered by appellee to establish that the damage was proximately caused by windstorm and not by a snow storm.

The provisions of the insurance policy, which are pertinent here, insured appellee "against all direct loss and damage by windstorm", but provided that the insurer shall not be liable "for loss or damage, whether incidental to a windstorm, cyclone and/or tornado or not, caused directly or indirectly by cloudburst, explosion or lightning. . . .". The policy also provided that the insurer shall not be liable "for loss or damage caused by rain and/or snow, whether driven by wind or not, unless any building herein described shall first sustain an actual opening in roof and/or walls by the direct force of a windstorm. . .and shall then be liable only for such loss or damage . . . as may be caused immediately by rain and/or snow entering the building through openings in roof or wall as a direct result of such windstorm. . . . .".

Since the appellee has a jury verdict in his favor, it is our duty, on review, to examine the testimony in a

light most favorable to appellee and to give to him the benefit of every fact and inference of fact pertinent to the issue which may reasonably be deduced from the evidence. *Randall v. Stager,* 355 Pa. 352, 354, 49 A. 2d 689. So examining the testimony, it establishes that on March 21, 1945, appellee was the owner of a barn situate in Cambridge Township; that on that date the barn was damaged by a violent and tumultuous windstorm and that a portion of the roof was torn off, timbers were broken, the frame was sprung and the barn damaged to the extent that it could not be repaired without completely rebuilding the same. Appellee called several witnesses in support of his allegation that a windstorm was the sole and proximate cause of the damage. Frederick Noble testified that he was in the barn on the day in question to remove hay; that "an awful strong wind came up"; that "the boards started to come in under the haymow, and it began to crack and groan, the whole barn did". He was asked what if anything happened to a portion of the roof and he replied: "A. Well, it took some of it off and broke some of the rafters. . . A. It broke one of the big timbers. . . A. We got out of there as fast as we could get out". Edward Styborski, a son of appellee, testified that on the day in question he also was working in the barn loading hay and that ". . .we got pretty near half of a load on when all at once the wind came and I saw the whole barn just shift right over, and I thought sure it was going to come down on us".

Another son of appellee, Alex Styborski, testified that he was in the barn pitching hay and while so loading the hay "a sudden gust of wind came up and you could hear the barn groan and creak and it broke that main beam on the side. And the rafters". The witnesses also testified to the damage done to the barn, the broken and cracked joists, the fact that the entire barn was shifting and leaning; that some of the boards were

broken up and blown in at one end. Appellant offered no testimony, but the defense interposed in the insurer's answer was that the damage "resulted from the accumulation of snow allowed . . . to remain on the roof of said barn". Where, as here, a contract of insurance provides coverage for damage sustained by a windstorm, but excludes loss sustained by snow, it is incumbent upon the insured to individuate as the cause the one for which the insurer would be liable and the law requires only that the evidence as to the operative cause of the damage be enough to satisfy reasonable and well balanced minds that it was the one upon which the insured relies. *Marks v. Lumbermen's Insurance Co. of Phila.*, 160 Pa. Superior Ct. 66, 68, 49 A. 2d 855; *Metz v. Travelers Fire Ins. Co.*, 355 Pa. 342, 348, 49 A. 2d 711. Cf. *Warmcastle v. Scottish Union & National Insurance Co.*, 201 Pa. 302, 50 A. 941. Appellee's witnesses were cross-examined in detail in regard to whether the damage was caused by snow, and all testified that there was "very little snow"; that "there was no snow on the roof at the time". Whether the damage sustained was caused by a windstorm under all the evidence became a question of fact for the jury, and in light of the testimony recited above the court below did not err in submitting the case to the jury, and in subsequently refusing appellant's motion for judgment n.o.v. The evidence is amply sufficient to warrant the jury in finding that the proximate cause of the damage sustained resulted from a windstorm of unusual violence or tumultuous force. *Murphy v. Insurance Company of North America*, 355 Pa. 442, 50 A. 2d 217; *Metz v. Travelers Fire Ins. Co.*, 355 Pa. 342, 49 A. 2d 711: *Marks v. Lumbermen's Insurance Co. of Phila.*, 160 Pa. Superior Ct. 66, 49 A. 2d 855. Cf. *Penn Refractories Co. v. Lititz Mutual Insurance Co.*, 54 D&C 99.

Appellant assigns as error in support of its argument that a new trial should be granted admission by

the court below of the testimony of one Humes called by appellee to prove the extent of the damage. It appeared that the witness was a carpenter who had built the barn in question. He testified that he had not examined the barn for approximately a year prior to the accident, but that he was familiar with the condition of the barn; that he examined the barn after the accident and estimated the damage to be approximately $2,500.00. In such circumstances, his testimony was competent. Its credibility and weight were for the jury. *Metz v. Travelers Fire Ins. Co.,* 355 Pa. 342, 345, 49 A. 2d 711. Other errors assigned consist of criticism of the court below as showing a biased hostile attitude toward the appellant. A careful reading of the record establishes that there is no merit to these complaints.

There is likewise no merit to appellant's complaint that the court below committed reversible error in its charge to the jury. The excerpt complained of reads as follows: "Now, if you go outside of that evidence, Members of the Jury, and find a verdict for the Plaintiff in less amount, you are disregarding the testimony in this case because there is no testimony in this case that would justify a verdict in favor of the Plaintiff except what the evidence shows, $2,500.00. It isn't your function to go outside the evidence, you have nothing to base going outside of the evidence, nothing upon which to base a finding of any less amount". The only evidence relative to the amount of the damage was introduced by appellee showing damages sustained in the amount of $2,500.00. Moreover, appellant's counsel called this alleged error to the attention of the trial judge who then charged favorably to appellant as follows: "We say to you again, you don't have to believe Mr. Humes, and you can throw his testimony out the window and say he is not qualified to fix a figure that would represent the cost of repairing the barn". The jury's verdict indicates that it disregarded the court's instructions in

regard to damages, but as to this the appellee and not appellant was harmed and he has seen fit not to complain.

Appellant's final complaint relates to the date when the barn was damaged. The issue arose in this manner. In appellee's Statement of Claim the date of the windstorm was stated to be June 28, 1945. Appellee filed an amended Statement after being ruled to file a more specific pleading. In his amended Statement, the date of the damage was again averred to be June 28, 1945. It was not until appellee filed a second amended Statement of Claim that the date was changed to March 21, 1945. It is vital to observe that appellant did not file an amended answer denying that the damage occurred on another date. Counsel for appellee very candidly admitted before this bar at oral argument that the error was his; that the appellee was somewhat backward and being of foreign extraction spoke English very poorly; that counsel had considerable difficulty in obtaining the true facts until, speaking to the eyewitnesses, it was discovered that appellee had been mistaken and confused concerning the exact date. Appellant makes much ado about such change of date, but utterly fails to demonstrate how it was harmed by the change, particularly where the evidence establishes that shortly after the occurrence relatives of appellee had notified appellant's agents concerning the date and the extent of the loss sustained.

Judgment affirmed.