## Troutman v. Mutual Auto Fire Insurance Company

*Markowitz & Liverant*, for plaintiff.

*Fisher, Ports & May*, for defendant.

SHERWOOD, P. J., March 31, 1952.—This case comes before the court on an agreed statement of facts for the court's opinion in the nature of a special verdict.

On May 31, 1950, defendant issued to plaintiffs a policy of insurance, expiring May 31, 1951, covering personal injury and property damage and comprehensive coverage. The relevant sections of the policy contain the following provisions:

"Coverage D   Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset.

"To pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquakes, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss covered by collision or upset."

On November 21, 1950, plaintiffs were driving their automobile from York, Pa., to Indiana, on U. S. Route 422. Between Ebensburg and Indiana the road was covered with ice and snow and a violent windstorm was blowing. As they reached the top of a mountain, driving at a rate of speed of 10 miles per hour in low gear, they entered upon an open stretch at which point the full force of the windstorm hit them. This caused the automobile to veer sharply to the left and make a 180 degree turn. The wind then toppled over the car completely with such force as to cause it to land on its topside, then on its left side and finally ending upright on its four wheels. This caused extensive damage to the top and left side, though no damage to the right side, in the amount of $1,216.05.

The position of plaintiff is (a) this is not a loss occasioned by collision or upset and thus excluded from coverage under the policy, and (b) that this is a loss occasioned by windstorm and thus is within the coverage afforded by the policy.

The clear and unambiguous wording of the policy states that loss caused by "windstorm . . . shall not be deemed loss caused by collision or upset." Plaintiffs contend, therefore, that for any accident caused by windstorm, defendant will be precluded from asserting that the accident was a collision, and thus attempt to exclude it from the coverage afforded by the policy, by the very words of the contract itself.

In Trexler Lumber Co. v. Allemannia Fire Ins. Co., 289 Pa. 13, 19, our Supreme Court said:

"Were there any doubt as to the proper construction of the . . . policy . . . it should be resolved in favor of the assured: Norlund v. Reliance Ins. Co., 282 Pa. 389; Clum v. New Amsterdam Cas. Co., 281 Pa. 464; 1 Cooley on the Law of Insurance, p. 636."

See also Morris v. American Liability & Surety Co., 322 Pa. 91, 96.

Under the facts as agreed upon, it would seem clear that this is a loss caused by windstorm. The term windstorm has been defined by the courts as a storm accompanied by wind of unusual violence or tumultuous force: Penn Refractories Co. v. Lititz Mutual Ins. Co., 54 D. & C. 99.

As stated, there was a "violent windstorm" blowing and it struck plaintiffs' car with such force as to spin it completely around and then overturn it. From the fact that there was no damage whatsoever to the right side of plaintiffs' automobile, it is evident that the force was so great as to flip the vehicle over without even touching the right side. That the road was slippery lends even more force to this contention of plaintiffs, since a lessening of friction would tend to decrease and not increase the chance of any tipping over. It should be noted also that in Trexler Lumber Co. v. Allemannia Fire Ins. Co., supra, the court said:

"Where a windstorm, covered by the policy, was the efficient cause of the loss, the fact that other outside causes contributed thereto will not relieve the insurer."

In Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47, 51, 120 N. E. 86, 87, 13 A. L. R. 875, Mr. Justice Cardozo, in construing a policy of insurance, pointed out:

"General definitions of a proximate cause give little aid. Our guide is the reasonable expectation and purpose of the ordinary businessman when making an ordinary business contract."

166 A. L. R. 380, 383, says:

"An automobile insurance policy stating the coverage as 'comprehensive (full risk) coverage, excluding collision or upset,' and stipulating a loss caused by windstorm should not be deemed a loss caused by collision or upset, was held, in Atlas Assur. Co. vs. Lies (1943) 70 Ga. App. 162, 27 S.E. 2d 791, to cover damage to the car caused by a falling tree, where the

evidence showed that the tree and the car simultaneously reached the same place in the road and while they were both moving, such contact not being a 'collision' as contemplated by the policy.

"And damage to an automobile resulting when the car was blown from the highway and crashed against a telephone pole was held, in Firemen's Ins. Co. vs. Weatherman (1946, Tex. Civ. App.) 193 S.W. 2d 247, to be within the coverage of a policy insuring against loss caused by windstorm, notwithstanding the policy excepted from coverage 'loss caused by collision of the automobile with another object or by upset of the automobile.' The court pointed out that the windstorm was the sole inducing and effective cause of the collision, and that the fact that an obstruction interrupted the mad course of the automobile was purely incidental."

In Tonkin v. Cal. Ins. Co. of San Francisco, 294 N. Y. 326, 62 N. E. (2d) 215, the facts were these. Plaintiff was suing upon a policy whose coverage and wording were exactly the same as the policy here in issue. Plaintiff was driving his car and noticed smoke coming from under the dashboard. This caused him to lose control of his automobile and to collide with another automobile. In allowing recovery for all the damages to the vehicle, the court said:

"The language of this policy presents a novel question of construction. In attacking the problem we are not unmindful of the well settled principle 'that if a policy of insurance is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the policy holder and against the company. . . .' We know of no better guide in a situation of this sort than 'the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract.' (Citing many cases). Applying this general principle it is rea-

sonable to suppose that the plaintiff in purchasing insurance for his automobile sought coverage against the named risks and that the fair meaning and use of the word 'comprehensive' included those damages which an ordinary individual would reasonably and naturally regard as incidental to or flowing from the hazard insured against.

"The policy language is definite enough to exclude loss when collision is the primary and exclusive cause, and it would do so here except for the fact that fire—the hazard insured against—was the factor causing the driver to lose control of the vehicle and was so closely associated with it in point of time and character as to constitute the proximate producing cause of the collision."

Defendant's position is substantially that because the "upset" caused damage, it is not covered by the comprehensive clause of the policy. Does this not ignore the plain and unmistakable terms of the policy? The provision in question covers "any direct and accidental loss of or damage to the automobile except loss caused by collision . . . or upset." If the clause ended there, there could be no question here; but the policy goes on to state: "Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquakes, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset." Is not this plain and unambiguous language simply this: Where there is collision or upset arising from the stated causes, there is no exception to the comprehensive coverage? If this were not so, what possible meaning can the last mentioned language have?

Defendant has cited a number of cases:

Radella v. Bankers Mutual Fire Ins. Co., 165 Pa. Superior Ct. 633, simply states that the "collision or upset" coverage in a policy having no exceptions what-

soever, except wear and tear, freezing, mechanical or electrical breakdown or failure, covers upset no matter what the cause of the upset, unless within one of the exceptions. The court goes on to say: "In the absence of testimony establishing that mechanical failure alone caused the damage, we cannot sustain defendant's contention." There is nothing in that case which in any way affects plaintiffs' position here; if anything, it is authority that exceptions to coverage are strictly interpreted against the insurer.

Murphy et ux. v. Insurance Company of North America, 355 Pa. 442, is the second case cited by defendant. There the action was based on a fire policy with extended coverage insuring against windstorm, cyclones, etc., but expressly excluding "damage caused by water or water driven by the wind." There was a dispute whether damage was directly by wind or water driven by wind. This case dealt with the interpretation of a specific exception from coverage. The evidence was purely circumstantial, and a verdict for plaintiff insured was sustained.

The third case cited by defendant is Shahin v. Niagara Fire Ins. Co., 39 N. Y. S. (2d) 887. In that case a small boy got into plaintiff's car and drove it into a tree. Defense was that the loss was caused by collision. It does not clearly appear that the same clause was in question in that case. Even if it were, the starting of the vehicle by the boy is not one of the clauses—"Breakage of glass . . ."—specifically taken out of the exception of collision or upset.

The fourth case cited by defendant is Matthews et al. v. Shelby Mutual Plate Glass and Casualty Co., 46 N. E. (2d) 473 (Ohio App.). The clause in question in that case is not the same as the one here. In that case, the clause removing certain classes from the "collision or upset" exception reads as follows:

"For the purposes of this coverage, it is understood that damage caused directly by tornado, cyclone, windstorm, hail, falling aircraft or parts thereof, and damage resulting from theft, breakage of glass, earthquake, explosion, riot, insurrection or civil commotion, shall not be deemed a loss caused by collision or upset."

It will be noted that there are two sets of causes as to which the collision or upset provision does not apply. The first group are limited to direct damage. The second group cover "damage resulting." There is no such distinction in the policy in the instant case. The comprehensive coverage extends to any direct and accidental loss or damage to the automobile. The stated classes are all fully excluded from the collision and upset exception. Further, in the cited case, it does not appear what caused the damage. The case does not state that the automobile was driven down the hill by the wind. It was simply found at the bottom of the hill after being parked due to a heavy rain and windstorm.

The fifth case cited by defendant is Bruener et ux. v. Twin City Fire Ins. Co., 37 Wash. (2d) 181, 222 P. (2d) 833. In that case, the automobile skidded, went out of control and collided with an embankment. The clause in question is exactly like the one here in question; but there is a clear distinction. "Skidding or loss of control" are not causes set forth in the policy clause as not within the "collision or upset" exception. "Windstorm"—the cause in this case—is specifically set forth as a cause that shall not be deemed within the collision or upset exception.

Applying the citation given by defendant from Gaupin et al. v. Murphy et al., 295 Pa. 214, can it be doubted that the windstorm in the instant case is that cause which, in natural and continuous sequence, unbroken by an efficient, intervening cause, produced

the injury and without which the result would not have occurred?

The next case cited by defendant is Marks v. Lumberman's Ins. Co. of Phila., 160 Pa. Superior Ct. 66. There again there was a clear and unqualified exception from coverage where loss or damage was caused by tidal wave, high water or overflow whether driven by wind or not. Verdict for plaintiff insured was sustained on the circumstantial evidence that the loss was not within the exception. Here, as we have pointed out, the exception of collision or upset is qualified. Windstorm is one of the qualifications that removes the exception. The Superior Court also states, at page 68:

"While the peril insured against must be the approximate cause of the loss, it need not be the sole cause. Tannenbaum vs. Fire Insurance Cos., 127 Pa. Superior Ct. 278, 193 A. 305; Trexler Lumber Co. vs. Allemannia Fire Ins. Co., 289 Pa. 13, 136 A. 856."

The final case cited by defendant is Witherspoon v. Lumberman Mut. Ins. Co., 211 Ark. 844, 203 S. W. (2d) 185. In that case, the driver was blinded by oncoming lights, went off the road, and turned over. It does not appear exactly what the policy clause was in that case; but even if the language were the same, blinding and leaving the road is not one of the qualifications to the exception of collision or upset. Windstorm is.

The clause in the policy here in question treats "theft" and "windstorm" exactly the same in qualifying the collision or upset exception to the coverage. If an upset caused by a windstorm is excluded from the policy coverage, it would follow, would it not, that damage caused by collision where the car is stolen would not be covered? The contrary is uniformly true. Collision loss where the car is stolen is covered by the theft provision: 160 A. L. R. 950; Bolling v. North-

ern Ins. Co., 3 N. Y. S. (2d) 599; Callahan v. London, etc., Inc. Co., 163 N. Y. S. 322; Firemen's Ins. Co. v. Universal Credit Co., 85 S. W. (2d) 1061 (Tex.); Boyle v. Yorkshire Ins. Co., 56 Ont. L. R. 564. The same has been held where a collision resulted from a piece of ice thrown into plaintiff's windshield as another car passed, causing the car to get out of control and collide with an embankment. Guenther v. American Indemnity Co., 246 Wis. 478, 17 N. W. (2d) 570.

If defendant's interpretation is to be applied, it is difficult to see how the coverage for "civil commotion" or "riot" would apply. These per se would not damage a vehicle. It could only be damaged by collision with other objects or being upset, since "vandalism" and "missiles" are themselves separate qualifications. If a tornado overturned and destroyed a parked car, defendant's contention would deny coverage because the damage occurred when the car upset. If defendant's contention is upheld, then if a car is stolen and the thief wrecks it in a collision, one is not entitled to recover. No case has ever held this.

In 126 A. L. R. 710, it is stated:

"The view has been taken that it is sufficient, in order to recover upon a cyclone, tornado, or wind policy, to show that the cause designated therein was the efficient cause of the loss, although other causes contributed thereto."

We conclude, therefore, that the windstorm was the proximate and efficient cause of plaintiff's loss, any other cause being merely incidental, and under the authorities above quoted and in accordance with the agreed loss sustained by plaintiffs, judgment will be entered in favor of plaintiffs, Arthur L. Troutman and Doris E. Troutman, and against defendant, Mutual Auto Fire Insurance Company, in the sum of $1,216.05.

And now, to wit, March 31, 1952, at 10 a.m., it is ordered, adjudged and decreed that judgment is entered in favor of plaintiffs, Arthur L. Troutman and Doris E. Troutman, and against defendant, Mutual Auto Fire Insurance Company, in the sum of $1,216.05, with costs of suit.