**SHIREY**

v.

**TRI–STATE INS. CO.**

No. 35882.

Supreme Court of Oklahoma.

July 7, 1954.

Rehearing Denied Sept. 28, 1954.

Clarence L. Hall, Oklahoma City, for plaintiff in error.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for defendant in error.

WELCH, Justice.

Essie Shirey, as plaintiff, seeks in this action to recover on an automobile insurance policy, insuring against the peril of windstorm, damage to her automobile alleged to have been sustained as a result of a windstorm. The policy excludes from coverage damage sustained to the automobile caused by collision or upset.

Defendant answered by general and special denial. It specifically denied that the damage to plaintiff's automobile, if any, was caused by windstorm, but alleged that it was caused by collision and upset.

At the conclusion of plaintiff's evidence on motion of defendant the trial court directed a verdict in its favor, and a verdict was returned accordingly. Plaintiff's motion for new trial was overruled and judgment was entered on the verdict denying plaintiff recovery. Plaintiff appeals and assigns this ruling as error.

Plaintiff relies for recovery on paragraph D of the policy which provides:

"Coverage D. Comprehensive loss of or damage to the automobile except by collision or upset: to pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object, or by the upset of the automobile, or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and the loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion, shall not be deemed loss caused by collision or upset."

The evidence offered by plaintiff is substantially as follows: On the morning of February 13, 1951, J. F. Shirey, husband of plaintiff, and grandson left Shawnee, Oklahoma, in an automobile en route to Oklahoma City, Oklahoma. It was sleeting some on that day and the roads were icy in spots. The wind was blowing hard. It was a terrific wind, an unusual wind, a wind of such force and velocity as is rarely seen in this country short of tornadoes or cyclones. One could scarcely stand up and walk against the wind. J. F. Shirey, driver of the automobile, testified that about 8:30 A.M. of that day, while driving on the East Reno road at a point close to Oklahoma City, the wind blew his automobile from the north side to the south side of the road and turned it sideways across the road. The force of the wind blew it over the icy road into a borrow ditch against an embankment causing it to upset and damage the automobile. Defendant offered no evidence.

Defendant contends plaintiff's evidence was insufficient to establish that the damage to the automobile was caused by windstorm, but shows that it was caused by collision and upset.

Defendant asserts that in order for plaintiff to recover it is necessary for her to establish that the force of the wind, in and of itself without aid of other causes, caused the damage to the automobile and in support of this contention cites Clark v. Fidelity and Guaranty Co., City Ct., 39 N.Y.S.2d 377; Matthews v. Shelby Mutual Plate Glass & Casualty Co., Ohio App., 46 N.E. 2d 473. In each of these cases it appears that a windstorm blew the car of the plaintiff against some object causing damage to the car, and the courts in each of these cases held that it was not the windstorm that caused the damage, but that the damage was caused by collision with some other object which character of loss was excluded from coverage under the policy. There cases, however, are contrary to the

weight of authority as well as contrary to our own decisions.

■ The cases generally hold that in an action to recover damages on an insurance policy insuring property against the peril of windstorms excluding from coverage other causes, the insured may recover if the windstorm was the efficient and proximate cause of the damage to the property insured, and it is immaterial that the damage may have been incidentally and indirectly contributed to by other causes expressly excluded from coverage.

In Pennsylvania Fire Insurance Co. v. Sikes, 197 Okl. 137, 168 P.2d 1016, 166 A.L.R. 375, the court said:

"Where an insurance contract on household goods and a motor vehicle covers loss and damage by windstorm, expressly excluding damage by flood waters, and the personal property insured thereby is blown into a flooded street by the force of wind alone, and upon recovery from flood waters is found to be broken and water soaked, the aggregate damage may be said to be windstorm damage in the purview of the contract, in the absence of a clear showing that the contracting parties intended to exclude such damage which might be expected to follow as the result of the displacement of the property by the wind."

In Fireman's Ins. Co. of New Jersey v. Weatherman, Tex.Civ.App., 193 S.W.2d 247, the court held:

"In action on windstorm policy for damage to automobile which was driven off the highway against a telephone post and completely wrecked, whether damage to automobile was proximately caused by windstorm was for jury."

In that case it appeared insured brought an action to recover damage to his automobile on an insurance policy insuring the automobile against the peril of windstorm. The policy excluded from coverage damage caused by collision or upset. The evidence showed that while insured was driving his automobile along a highway he encountered a windstorm which carried his automobile from the highway against a telephone pole completely destroying the automobile. Insurer defended on the ground that the damage to the automobile was not caused by windstorm, but was caused by collision with the telephone pole, and that no recovery could be had because loss or damage to the automobile caused by collision was excluded from coverage, and at the close of the evidence requested the court to direct a verdict in its favor. The request was denied and the ruling was sustained on appeal. The court said:

"In appellant's motion for an instructed verdict, the contention is made that the loss or damage to the automobile was caused by collision with another object, to wit, a telephone post, which character of loss was excluded by the terms of the policy. * * * The jury found that the loss was caused by a windstorm. It would be idle to contend that the loss would have occurred without the windstorm. As shown by the undisputed evidence, the wind first blew the rear of the car off the' pavement to the south, then suddenly reversed the direction of the car northward, blowing the occupants therefrom, and hurled the automobile across the bar pit and into the telephone post with such force as completely to wreck it. The fact that an obstruction interrupted the mad course of said automobile was purely incidental. The windstorm was the sole, inducing and efficient cause of the collision, and the facts bring the loss within the terms of the policy."

■ In Clouse v. St. Paul Fire & Marine Insurance Co., 152 Neb. 230, 40 N.W.2d 820, 15 A.L.R.2d 1008, the court held:

"A policy against loss or damage caused by lightning to the property insured usually covers all known effects of electricity coming under the general head of lightning, and includes all loss or damage which results as a direct and natural consequence of the lightning, notwithstanding other incidental agencies may be instrumental in adding to the loss or damage.

* * * * * *

"In determining the cause of a loss for the purpose of fixing insurance liability, when evidence of concurring causes of the damage appears, the proximate cause to which the loss is to be attributed is the dominant, the efficient one that sets the other causes in operation; and causes which are incidental are not proximate, though they may be nearer in time and place to the loss."

See, also, Providence Washington Insurance Co. v. Cooper, Tex.Civ.App., 223 S.W. 2d 329; Anderson v. Connecticut Fire Ins. Co., 231 Minn. 469, 43 N.W.2d 807; Marks v. Lumbermen's Ins. Co. of Philadelphia, 160 Pa.Super. 66, 49 A.2d 855.

Defendant's contention that plaintiff cannot recover under the policy unless she establishes that the damage to her automobile was caused by the windstorm in and of itself, unaided by other causes, cannot be sustained.

 It is further contended by defendant that no expert evidence has been offered tending to show the velocity of the wind on that day, and that the evidence is therefore insufficient to show that a windstorm existed. We do not agree. The evidence shows that the wind was of sufficient force and velocity to blow the car from one side of the street to the other, and thence into the borrow ditch and is sufficient to establish that a windstorm existed. In Fidelity-Phenix Fire Ins. Co. of New York v. Board of Education of Town of Rosedale, 201 Okl. 250, 204 P.2d 982, 983, this court held:

"Under policy insuring against perils of windstorm, a 'windstorm', in absence of any more specific definition, must be taken to be a wind of such extraordinary force and violence as to be thereby capable of damaging insured property."

In that case after holding that an ordinary gust of wind, no matter how prolonged, is not a windstorm, further said:

"We think the correct standard and applicable to the instant situation is stated in Gerhard v. Travelers Fire Ins. Co., 246 Wis. 625, 18 N.W.2d 336, 337, as follows: 'In the absence of definition or limitation in the policy, we think that a windstorm must be taken to be a wind of sufficient violence to be capable of damaging the insured property either by its own unaided action or by projecting some object against it. * * * If defendant wishes to adopt some scale which establishes the velocity of wind necessary for a windstorm, or if it desires to limit its liability beyond the point that we have indicated, it should incorporate its proposed standard in the policy by clear terms and such ambiguities as are left in this policy should be resolved against it.' "

The evidence is sufficient to have authorized the jury to find that the windstorm was the proximate cause of the injury and damage to plaintiff's automobile and sufficient to have authorized a verdict in her favor.

Judgment reversed, with directions to grant plaintiff a new trial.

JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.