HENRY BIRD, Respondent, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

Insurance (fire) — proximate cause — when policy insuring canal boat against loss or damage by fire does not cover damages caused by concussion of the air resulting from an explosion of dynamite stored in cars some distance away.

1. In order that recovery may be had upon an insurance policy against fire, fire must reach the thing insured, or come within such proximity to it that damage, direct or indirect, is within the compass of reasonable probability.

2. A fire and marine insurance company insured a canal boat against loss or damage arising from " Sounds, Harbors, Bays, Rivers, Canals and Fires." While the vessel was lying in the harbor, a fire broke out beneath freight cars loaded with explosives. This fire was followed by an explosion, causing another fire which in turn caused a much greater explosion of dynamite and other explosives stored in the freight yard. This last explosion caused a concussion of the air which damaged the vessel, about one thousand feet distant. No fire reached the vessel, the damages being solely from the concussion caused by the second explosion. *Held*, that the loss was not covered by the policy; that the fire was not the proximate cause of the damage within the meaning of the policy.

*Bird* v. *St. Paul F. & M. Ins. Co.*, 180 App. Div. 470, reversed.

(Argued May 1, 1918; decided June 4, 1918.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 7, 1917, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Pierre M. Brown* for appellant. The proximate cause of this accident was concussion of the air, produced by an explosion, and was not covered by the terms of the policy. (*Wheeler* v. *Phenix Ins. Co.*, 203 N. Y. 283; *Johnston* v. *Scotland Ins. Co.*, 7 Shaw & Dunlop, 52; *Russell* v. *G. F. Ins. Co.*, 100 Minn. 528; *Ins. Co.* v. *Tweed*, 74 U. S. 52; *Conway* v. *Phoenix Mut. L. Ins. Co.*, 140 N. Y. 83; *Peters* v. *Warren Ins. Co.*, 14 Pet. 99; *Ins. Co.* v. *Boon*, 95 U. S. 117; *Sklencher* v. *Fire Assn.*, 60 Atl. Rep. 232; *Cohn & Greenbaum* v. *Nat. Ins. Co.*, 96 Mo. App. 315; Richards on Ins. § 277; *St. John* v. *A. M. F. & M. Ins. Co.*, 11 N. Y. 516.)

*Nelson Zabriskie* for respondent. An explosion caused by fire which injures property is a fire loss. (*Wheeler* v. *Phenix Ins. Co.*, 203 N. Y. 283; *Waters* v. *Merchant*

*L. Ins. Co.,* 11 Pet. 213; *Johnston* v. *West of Scotland Ins. Co.,* 7 Ct. of Sess. Cas. 52; *Insurance Company* v. *Boon,* 95 U. S. 117; *Scripture* v. *Mutual Fire Ins. Co.,* 10 Cush. 356; *Hustace* v. *Phenix Ins. Co.,* 175 N. Y. 292; *Briggs* v. *Nat. America Ins. Co.,* 53 N. Y. 446; *Furbush* v. *Con. Patrons F. M. Ins. Co.,* 140 Iowa, 240; *Hobbs* v. *Guardian Fire Ins. Co.,* 12 Can. Sup. Ct. 631; *Renshaw* v. *Fireman's Ins. Co.,* 33 Mo. App. 394; 2 May on Ins. [4th ed.] § 412; Richards on Ins. [3d ed.] §§ 278, 286, 231; Gow on Ins. 105; *Beakes* v. *Phenix Ins. Co.,* 143 N. Y. 402; *Washburn* v. *Marine Valley Ins. Co.,* 2 Fed. Rep. 633; *Washburn* v. *Farmers Ins. Co.,* 2 Fed. Rep. 304.)  The policy of insurance must be liberally construed in favor of the insured. (Richards on Ins. [3d ed.] § 90; *Leyland Shipping Co.* v. *N. F. Ins. Co.,* 118 L. T. 120.)

CARDOZO, J.  On September 12, 1915, the defendant, a fire and marine insurance company, issued to the plaintiff its policy of insurance covering the body, tackle, apparel and other furniture of the canal boat, the *Henry Bird, Jr.*  " Touching the Adventures and perils which the said Company are content to bear and take upon themselves by this Policy, they are of the Sounds, Harbors, Bays, Rivers, Canals and Fires, that shall come to the damage of the said boat, or any part thereof." There was no express exception of damage from explosion.

On the night of July 30, 1916, a fire broke out from some unknown cause beneath some freight cars in the Lehigh Valley Railroad Company's freight yards at Black Tom in the harbor of New York.  The cars were loaded with explosives, and after the fire had burned at least thirty minutes, the contents of the cars exploded. This explosion caused another fire, which in turn caused another and much greater explosion of a large quantity of dynamite and other explosives stored in the freight

4

yard. The last explosion caused a concussion of the air, which damaged plaintiff's vessel about one thousand feet distant to the extent of $675. No fire reached the vessel, the damages being solely from the concussion caused by the second explosion. The question is whether the loss is covered by the policy. In a controversy submitted under section 1279 of the Code, these facts stand admitted. The Appellate Division gave judgment for the plaintiff.

There is no doubt that when fire spreads to an insured building and there causes an explosion, the insurer is liable for all the damage (*Wheeler* v. *Phenix Ins. Co.*, 203 N. Y. 283; *Lynn Gas & Electric Co.* v. *Meriden Ins. Co.*, 158 Mass. 570; *Scripture* v. *Mutual Fire Ins. Co.*, 10 Cush. 356; *Waters* v. *Merchants Louisville Ins. Co.*, 11 Peters, 213, 225). We assume that, in the absence of some exception in the policy, a like liability follows when an explosion caused by fire occurs in neighboring buildings (*Hustace* v. *Phenix Ins. Co.*, 175 N. Y. 292, 302, 303). But the question here is whether space is a factor in the solution of the problem. The Appellate Division says that it is not; no matter how great the distance, the insurer remains liable. Other courts have held otherwise. The question came before the English Court of Common Pleas in *Everett* v. *London Assurance Co.* (19 Common Bench N. S., 126). There gunpowder ignited and exploded. The plaintiff's building, half a mile away, was damaged by concussion. The court (ERLE, Ch. J., and WILLES and BYLES, JJ.) gave judgment for the defendant. "Speaking of this injury, no person would say that it was occasioned by fire. It was occasioned by a concussion or disturbance of the air caused by fire elsewhere." A like ruling was made in Louisiana by a divided court (*Caballero* v. *Home Mut. Ins. Co.*, 15 La. Ann. 217). In Tennessee, the ruling was the same: "Legal conclusions cannot always be safely

reached by pressing the processes of logical illation to their ultimate results " (*Hall* v. *Nat. Fire Ins. Co.,* 115 Tenn. 513, 521).

The problem before us is not one of philosophy (Pollock Torts [10th ed.], p. 37). If it were, there might be no escape from the conclusion of the court below. General definitions of a proximate cause give little aid. Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts. There are times when the law permits us to go far back in tracing events to causes. The inquiry for us is how far the parties to this contract *intended* us to go. The causes within their contemplation are the only causes that concern us. A recent case in the House of Lords gives the true method of approach (*Leyland Shipping Co.* v. *Norwich Fire Ins. Society,* 118 Law Times, 120, 125, decided January, 1918, not yet officially reported). Lord SHAW refers in his opinion to the common figure of speech which represents a succession of causes as a chain. He reminds us that the figure, though convenient, is inadequate. " Causation is not a chain, but a net. At each point, influences, forces, events, precedent and simultaneous, meet, and the radiation from each point extends infinitely " (*Leyland Shipping Co.* v. *Norwich Fire Ins. Society., supra*). From this complex web, the law picks out now this cause and now that one. The same cause producing the same effect may be proximate or remote as the contract of the parties seems to place it in light or shadow. That cause is to be held predominant which they would think of as predominant. A common-sense appraisement of every-day forms of speech and modes of thought must tell us when to stop. It is an act of " judgment as upon a matter of fact " (*Leyland Shipping Co.* v. *Norwich Fire Ins. Society, supra*).

This view of the problem of causation shows how impossible it is to set aside as immaterial the element of proximity in space. The law solves these problems pragmatically. There is no use in arguing that distance ought not to count, if life and experience tell us that it does. The question is not what men ought to think of as a cause. The question is what they do think of as a cause. We must put ourselves in the place of the average owner whose boat or building is damaged by the concussion of a distant explosion, let us say a mile away. Some glassware in his pantry is thrown down and broken. It would probably never occur to him that within the meaning of his policy of insurance, he had suffered loss by fire. A philosopher or a lawyer might persuade him that he had, but he would not believe it until they told him. He would expect indemnity, of course, if fire reached the thing insured. He would expect indemnity, very likely, if the fire was near at hand, if his boat or his building was within the danger zone of ordinary experience, if damage of some sort, whether from ignition or from the indirect consequences of fire, might fairly be said to be within the range of normal apprehension. But a different case presents itself when the fire is at all times so remote that there is never exposure to its direct perils, and that exposure to its indirect perils comes only through the presence of extraordinary conditions, the release and intervention of tremendous forces of destruction (*Tilton* v. *Hamilton Fire Ins. Co.*, 14 How. Pr. 363, 372, 373). A result which in other conditions might be deemed a mere incident to a fire and, therefore, covered by the policy, has ceased to be an incident, and has become the principal (*Briggs* v. *No. A. & M. Ins. Co.*, 53 N. Y. 446, 449). The distinction is no less real because it involves a difference of degree. In such a case, the damage is twice removed from the initial cause. It is damage by concussion; and concussion is not fire nor the

immediate consequence of fire (*Benner* v. *Atl. D. Co.*, 134 N. Y. 156, 161, 162; *Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267, 280; *Holland House Co.* v. *Baird*, 169 N. Y. 136). But there is another stage of separation. It is damage by concussion traveling over a distance so remote that exposure to peril is not within the area of ordinary prevision, the range of probable expectation. The average man who speaks of loss by fire does not advert to the consequences of this play of catastrophic forces.

Precedents are not lacking for the recognition of the space element as a factor in causation. This is true even in the law of torts where there is a tendency to go farther back in the search for causes than there is in the law of contracts (Smith, Legal Cause in Actions of Tort, 25 Harvard Law Review, pp. 126, 127, 326). Especially in the law of insurance, the rule is that " you are not to trouble yourself with distant causes " (WILLES, J., in *Ionides* v. *Univ. Marine Ins. Co.*, 14 C. B. N. S. 289; *Leyland Shipping Co.* v. *Norwich Fire Ins. Society*, 1917, 1 K. B. 873, 883, 893). " In an action on a policy, the *causa proxima* is alone considered in ascertaining the cause of loss; but in cases of other contracts and in questions of tort the *causa causans* is by no means disregarded " (*Fenton* v. *Thorley & Co.*, 1903 A. C. 443, 454; Smith, *supra*, p. 326). The rule " is based," it is said, " on the intention of the parties " (*Reischer* v. *Borwick*, 1894, 2 Q. B. 550). But even in tort, where responsibility is less dependent on intention, space may break the chain of causes. The wrongdoer who negligently sets fire to a building, is not liable without limit for the spread of the flames. In our own state, there is a fixed and somewhat arbitrary restriction (*Hoffman* v. *King*, 160 N. Y. 618). But even in jurisdictions where the liability is broader, its bounds are the reasonable and the probable. The wrongdoer may be charged with those

consequences and those only within the range of prudent foresight (*Milwaukee & St. Paul R. Co.* v. *Kellogg,* 94 U. S. 469, 474; *Webb* v. *R., W. & O. R. R. Co.,* 49 N. Y. 420). It is not enough that what happens is in the course of nature. It must be in the probable course of nature (Pollock Torts [10th ed.], pp. 32, 41; *A., T. & St. F. R. Co.* v. *Calhoun,* 213 U. S. 1, 7; *Stone* v. *B. & A. R. R. Co.,* 171 Mass. 536). Others would have us say that reasonable probability of injury is important, not so much in measuring the extent of liability for wrong, as in determining whether there has been a wrong (Bohlen, Test of Liability for Negligence, 40 Am. Law Reg. [N. S.] 80, 84, 86; Smith, *supra,* pp. 126, 127). *Quoad* the owner of distant buildings there may be no negligence in acts which involve a breach of duty to one's neighbor. We need not go into these refinements. For our present purposes, it is enough that alike in contract and in tort, contiguity or remoteness in space may determine either the existence or the measure of liability. In doubtful situations a jury must say where the line is to be drawn (*Milwaukee & St. P. R. Co.* v. *Kellogg, supra; Ehrgott* v. *Mayor, etc., of N. Y.,* 96 N. Y. 264, 280, 281).

The case comes, therefore, to this: Fire must reach the thing insured, or come within such proximity to it that damage, direct or indirect, is within the compass of reasonable probability. Then only is it the proximate cause because then only may we suppose that it was within the contemplation of the contract. In last analysis, therefore, it is something in the minds of men, in the will of the contracting parties, and not merely in the physical bond of union between events, which solves, at least for the jurist, this problem of causation. In all this, there is nothing anomalous. Everything in nature is cause and effect by turns. For the physicist, one thing is the cause; for the jurist, another. Even for the jurist, the same cause is alternately proximate and

remote as the parties choose to view it. A policy provides that the insurer shall not be liable for damage caused by the explosion of a boiler. The explosion causes a fire. If it were not for the exception in the policy, the fire would be the proximate cause of the loss and the explosion the remote one. By force of the contract, the explosion becomes proximate (*St. John* v. *Am. Mut. F. & M. Ins. Co.*, 11 N. Y. 516; *Ins. Co.* v. *Tweed*, 7 Wall. 44). A collision occurs at sea, and fire supervenes. The fire may be the proximate cause and the collision the remote one for the purpose of an action on the policy. The collision remains proximate for the purpose of suit against the colliding vessel (*N. Y. & B. D. Ex. Co.* v. *Traders' & M. Ins. Co.*, 132 Mass. 377, 382). There is nothing absolute in the legal estimate of causation. Proximity and remoteness are relative and changing concepts.

It may be said that these are vague tests, but so are most distinctions of degree. On the one hand, you have distances so great that as a matter of law the cause becomes remote; on the other, spaces so short that as a matter of law the cause is proximate. The boat moored to the pier is damaged by fire when dynamite about to be loaded from the pier is ignited by a falling match. Fire destroys the city building when the wall of an adjoining building, weakened by the flames, collapses (*Ermentrout* v. *Girard F. & M. Ins. Co.*, 63 Minn. 305; *Russell* v. *German Fire Ins. Co.*, 100 Minn. 528). Between these extremes, there is a borderland where juries must solve the doubt (*Milwaukee & St. Paul R. Co.* v. *Kellogg*, supra; *Donegan* v. *B. & N. Y. Ry. Co.*, 165 Fed. Rep. 869, 871; *Muller* v. *Globe, etc., Ins. Co.*, 246 Fed. Rep. 759; *Ehrgott* v. *Mayor, etc., of N. Y.*, 96 N. Y. 264, 280, 281; *William France, Fenwick & Co., Ltd.*, v. *North of England P. & I. Assn.*, 1917, 2 K. B. 522).

In this case, the facts are not disputed. The inferences to be drawn from them are not doubtful. The

damage was not a loss by fire within the meaning of the policy.

The judgment should be reversed, and judgment ordered for the defendant, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.