## Kitson v. National Retailers Mutual Insurance Company

*James H. Egan*, for plaintiff; *High, Dettra & Swartz*, for defendant.

CORSON, J., January 25, 1935.—Plaintiff brings this suit upon a policy of insurance insuring the defendant against damages to his automobile resulting from various specified sources, among them being tornado, cyclone, windstorm, hail, earthquake, explosion, and accidental and external discharge or leakage of water.

From the facts alleged in the statement of claim, it would appear that on Tuesday, August 22, 1933, the plaintiff stored his car, covered by defendant's policy of insurance, in a public garage in Norfolk, Virginia; that a windstorm of 70 to 90 miles per hour struck the Atlantic coast, causing the waters of the ocean to be blown in to such an extent as to flood the City of Norfolk, and particularly the garage where plaintiff's car was stored, to a depth of more than 5 feet; that on the water came oil from a damaged oil tank, and as a result the plaintiff's car was damaged by such oil and water.

From the photostatic copy of the policy of insurance, attached to and made part of the statement of claim, it would appear that in the section insuring against damage caused by tornado, windstorm, etc., is the phrase immediately after the setting forth of the causes insured against, "excluding damage caused by rain, sleet, snow, flood". From the affidavit of defense raising questions of law, it would appear to be the contention of the defendant that the proximate cause of the damage was flood and not windstorm or cyclone. The question would seem to resolve itself therefore into a question of whether or not the windstorm causing the flood or the flood itself was the proximate cause of the damage.

Apparently the garage in which the plaintiff's car was stored was not blown down, and the damages were directly caused by the wind blowing a flood of water into the city and flooding the garage. In 6 Cyclopedia of Insurance Law 5298, it is stated: "If the efficient proximate cause of the loss is a separate and distinct peril which is expressly or impliedly at the risk of the insured, the mere fact that such peril is set in motion, or indirectly or incidentally aggravated, by a peril insured against, does not place the loss upon the insurer".

In the case of Bird v. St. Paul Fire and Marine Insurance Co., 224 N. Y. 47, Mr. Justice Cardozo, then of the New York court but now of the Supreme Court of the United States, discusses at length the question of proximate cause, and lays down the rule that the term proximate cause as used in insurance cases has a much more limited meaning than in cases of tort. In the Bird case, the defendant insured a canal boat against loss by fire. While such boat was tied up in a New Jersey river, a fire started some distance away causing a serious explosion. The canal boat was damaged by the concussion from the explosion. The court held that the damage to the canal boat was caused by explosion and not by the fire causing the explosion.

Justice Cardozo would seem to intimate that the coverage in certain insurance cases is determined by what a normal business man would expect to be covered by the policy. The damage to plaintiff's car in the present case having been actually caused by flood, and damage by flood being excluded under the terms of the policy, can we say that the plaintiff, as a normal business man, expected that he was insured against flood even though such flood might be set in motion by a windstorm? It would seem that the proximate and efficient cause of the damage in this case was flood.

There is a serious question in the present case as to whether or not the plaintiff would be entitled to recovery upon the theory that the windstorm was the proximate cause of his damage even if the policy did not contain the clause excluding damage by flood. If the damages, as in the present case, were actually caused by the flood, such damages are not insured against even though by going back among the train of circumstances causing the flood, we might find windstorm or some other cause covered by the policy. For other cases discussing some of the points raised, see Phenix Ins. Co. v. Charleston Bridge Co., 65 Fed.

628; Palatine Ins. Co., Ltd., v. Petrovich (Tex.), 235 S. W. 929; Newark Trust Co. et al. v. Agricultural Ins. Co., 237 Fed. 788.

And now, January 25, 1935, after argument and consideration of the pleadings, the questions of law raised by the affidavit of defense are decided in favor of the defendant, and, it being the opinion of the court that this decision disposes of the entire claim, the prothonotary is directed to enter judgment for the defendant. An exception is allowed to the plaintiff.