MERCURY INSURANCE COMPANY *v.* McCLELLAN.

4-9036                                    225 S. W. 2d 931

Opinion delivered January 16, 1950.

*Wright, Harrison, Lindsey & Upton* and *Edward Lester,* for appellant.

*Dowell H. Anders* and *DuVal L. Purkins,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, Monroe McClellan and James C. McKinney, filed separate actions against appellant, Mercury Insurance Company, to recover losses on two automobile insurance policies. By agreement the two cases were consolidated and tried before the circuit judge, sitting as a jury, upon the pleadings and stipulations of fact. The insurance company has appealed from judgments rendered in favor of appellees.

Appellant insured McClellan's Chevrolet truck on October 20, 1948. The truck was damaged by collision on December 26, 1948. On December 31, 1948, appellant accepted proof of loss in the net sum of $183.55 and a draft was issued in payment of the loss. Appellee then placed the truck in the garage of Anderson Body and Paint Shop at Warren, Arkansas, for repairs. On January 3, 1949, the truck was in said garage, in the process of being repaired, when a devastating tornado struck the city. The tornado destroyed the garage building and the insured truck was moved in an upright position about four feet and the wall of the garage and a timber fell on it, damaging it substantially.

The policy under which appellant insured McClellan's truck contains the following provisions as to coverage or risks insured against:

**Item 3.** The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COVERAGES | | LIMITS OF LIABILITY (Insert Amount or "Actual Cash Value") | RATE | PREMIUM |
|---|---|---|---|---|
| A | Comprehensive (Loss of or damage to the Automobile, except by Collision or Upset but including Fire, Theft and Windstorm) | $ | $ | $ |
| B | Collision or Upset 80% Collision or Upset<br><br>Convertible Collision or Upset (Additional Payment $          ) | Actual Cash Value less $50.00 . . . which deductible amount shall be applicable to each Collision or Upset | | $66.00<br><br>$<br><br>$ |
| C | Fire, Lightning and Transportation | Actual Cash Value | $12 | $26.80 |
| D | Theft (Broad Form) | Actual Cash Value | $ | $3.35 |
| E | Windstorm, Earthquake, Explosion, Hail or Water | $ | $ | $ |
| F | Combined Additional Coverage | $ | $ | $ |
| G | Towing and Labor Costs<br><br>Endorsements | $10 for each disablement<br>$ | $ | $<br>$ |
| | | TOTAL PREMIUM | | $96.15 |

It is noted that the risks insured against are shown by the amount of the specific premium charge listed opposite each item of coverage and include items B, C, and D, but do not include item A, "Comprehensive" or item E, "Windstorm, Earthquake, Explosion, Hail or Water". Under "Insuring Agreements" in reference to coverage B the policy provides: "Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile (but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto)."

On October 28, 1948, appellant insured McKinney's Ford automobile under a policy containing the same coverage as set out in McClellan's policy, to-wit: Collision or upset, $50 deductible; fire, lightning and trans-

portation; and theft (Broad Form). On January 3, 1949, McKinney's automobile was parked in front of his residence in Warren, Arkansas. The automobile was picked up by the tornado, rolled over several times, and then blown into the top of a nearby tree. The vehicle was completely destroyed.

The two policies of insurance designated as loss payees each appellee and the Warren Bank "as interest may appear". The bank had made loans to the appellees with the truck and automobile as security and was made party defendant to each suit.

To sustain the judgments in their favor appellees contend that the damage to their vehicles by the tornado was a risk covered by the policy which insures against damage by collision of the vehicle with another object or by upset of the vehicle; that it is undisputed that McClellan's truck was damaged by the wall and timber falling upon it; that McKinney's automobile was upset and thrown against a tree; and that these losses were by "collision" and "upset" respectively, which are hazards clearly covered by the terms of the policies.

Appellant disclaimed liability on both policies on the ground that the losses did not result from collision or upset but resulted from windstorm, a hazard not covered by the policy.

The question for determination, therefore, is whether the losses sustained were by collision or upset within the meaning of the policy. There are no Arkansas cases on the question but determinations against the contention of appellees have been made in three jurisdictions. In *O'Leary* v. *St. Paul Fire & Marine Ins. Co.* (Texas Civ. App.), 196 S. W. 575, the defendant insured plaintiff's automobile against damage by being in a collision with certain expressed exceptions which did not include windstorm. The car was damaged when the garage in which it was stored was caused to collapse by a severe storm. In denying liability the court said: "The car was in a garage. The second floor of the building or garage falling upon the car caused the damage. Surely it cannot

be said that it was the intention of the parties, as ascertained from the terms of the policy, that the word 'collision' was broad enough to cover such damage as occurred in the instant case, and that appellee would be called upon to pay a loss caused by the falling of a building upon the car while the car was being left in the same. . . .

"We agree with appellant that a policy of insurance will be construed most strongly against the company. However, we do not believe that a forced construction and one clearly not within the intention of either party should be placed upon the language used in the policy. We do not believe, in the case at bar, that there was a 'collision' within the ordinary meaning of that term, and we are of opinion that appellant should not be permitted to recover upon said policy in the instant case."

In *Ohio Hardware Mut. Ins. Co.* v. *Sparks,* 57 Ga. App. 830, 196 S. E. 915, the court was called upon to construe a policy insuring against accidental collision where a storm blew away the garage in which the automobile was stored and by its force caused a telephone pole to fall upon and damage the automobile. The policy in that case provided for coverages substantially similar to those involved in the instant case. The Georgia court held that the pole falling upon the automobile was not a "collision" as contemplated by the policy. In reaching that conclusion the court noted that there were cases sustaining recovery for damage caused by an object falling on an automobile insured against collision, but said: "While the word 'collision,' as defined by lexicographers, might be strained to include any impact of one body with another, the word in an insurance policy must be construed in accordance with what the parties to the contract must reasonably be said to have contemplated as to the coverage." After determining that the damage was brought about by the tornado which the court found to be an act of God and not an accidental collision within the meaning of the policy, the court further said: "Another consideration that impels us to the conclusion that the damage in question was not reasonably

in contemplation of the contract is that, although the opportunity of being indemnified against damage by storm or tornado was afforded the insured, he chose not to avail himself of that item of coverage, but contented himself with being protected against loss or damage due to 'accidental' collision or upset, fire, lightning, transportation, theft, robbery, and pilferage, from which it must reasonably be deduced that any damage from a falling object, immediately associated with or in the sphere of the action of a storm or tornado, was not to be included in the coverage. The context may always be looked to for a proper construction of what was in the minds of the parties at the time of entering into the contract."

The Louisiana court followed the same line of reasoning in denying liability in *Chandler* v. *Aetna Ins. Co.,* 188 So. 506, where the insured automobile was damaged when a house was blown against it by a tornado and the policy insured the automobile against "collision or upset" but not against "windstorm."

In *Atlas Assur. Co.* v. *Lies,* 70 Ga. App. 162, 27 S. E. 2d 791, the facts were that the wind blew a large tree onto the front of insured's moving automobile and the court held that the damage was within coverage of the policy as having been caused directly by "windstorm" and was not excluded from coverage as having been caused by "collision" as contended by the insurance company.

In their excellent brief, appellees have cited us to cases holding in effect that in determining whether there has been a collision within the meaning of insurance policies on automobiles, it is immaterial whether the motion which causes the automobile to collide with some other object derives from a force applied by a human agency or some natural force, such as gravity. The seeming contrariety of decisions on the question is due more to the different factual situations involved in each case than to the legal reasoning employed by the courts. This is demonstrated by the following statement found in 45 C. J. S., Insurance, § 797 d (5): "According to some cases the striking of an automobile by an object falling onto it from above is a collision within the meaning of a collision

policy. Recovery on a collision policy has been denied, however, on the ground that the occurrence was not a collision within the coverage of the policy, where the damage to the insured automobile was caused by the falling on it of the second floor of the garage in which the car was kept, or where the damage was caused by the falling of hail on the insured automobile. So it has been held that the occurrence is not an accidental collision and, therefore, is not within the coverage of a policy insuring against accidental collision where the damage is caused by the falling of an object on the insured automobile as the result of a windstorm or tornado.''

The first sentence in the foregoing statement is based on the decision in *Universal Service Co.* v. *American Ins. Co.*, 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183, where the scoop of a steam shovel fell or was dropped onto a truck. The second sentence is based on the O'Leary case, *supra,* where a windstorm caused the collapse of the garage, and the case of *American Automobile Ins. Co.* v. *Baker* (Tex. Civ. App.), 5 S. W. 2d 252, where the damage was by falling hail. In support of the third sentence the textwriter cites the Ohio Hardware Mutual and Chandler cases, *supra,* which involve facts strikingly similar to those in the cases at bar.

Appellees also contend that if appellant intended to except loss by tornado it should have excepted coverage E from B just as it excepted coverage B from coverage A. It is also argued that since windstorm was expressly excluded as a collision or upset risk in coverage A under ''Insuring Agreements,'' the same exception should have been made as to coverage B under the following rule: ''A collision clause is strongly construed against the insurer upon the basis that, if it desired to insert exceptions precluding liability under the circumstances presented, it should have done so by inserting such exceptions as would limit the effect of the general terms employed.'' Appleman, Insurance Law and Practice, Vol. 13, § 7465. Appellant says the exclusion of windstorm as a collision or upset hazard in coverage A is but further evidence of the intention of the parties when the contract is construed

as a whole. We do not regard either contention as controlling here.

In *Witherspoon* v. *Lumbermen's Mut. Ins. Co.*, 211 Ark. 844, 203 S. W. 2d 185, the insured sought recovery when his truck was damaged by being operated after the oil had drained out of the crankcase when the truck was overturned. The comprehensive coverage for which a premium was paid included loss or damage to the vehicle except by collision or upset. It was held that the loss relating to risks against collision or upset, for which no premium had been paid, was not included in the liability of the company. We there restated the rule announced in *Fowler* v. *Unionaid Life Ins. Co.*, 180 Ark. 140, 20 S. W. 2d 611, as follows: "It is also a well-settled rule in construing a contract that the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement. In fact, it may be said to be a settled rule in the construction of contracts that the interpretation must be upon the entire instrument, and not merely on disjointed or particular parts of it. The whole context is to be considered in ascertaining the intention of the parties, even though the immediate object of inquiry is the meaning of an isolated clause."

While the tornado was the efficient and proximate cause of the loss and damage, and that fact is important in determining the intention of the parties, we do not regard it as absolutely controlling in determining liability. The liability of appellant depends upon whether the losses sustained were the result of a risk or hazard against which the appellees were covered by the policies. In a case involving the liability of an insurance carrier, Judge CARDOZO said: "General definitions of a proximate cause give little aid. Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts." *Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 47, 51, 120 N. E. 86, 13 A. L. R. 875.

The right of appellees to recover and the liability of appellant to pay, must be determined by the intention of the parties as expressed in the policy. We must assume from the stipulations of fact that appellees only intended to avail themselves of the sort of protection which the policy shows they purchased. We think it is clear from the language and terms of the policy that appellees did not intend to pay for, and appellant did not intend to accept, the risk for insurance against losses arising from windstorm or tornado. Item 3 of the policy expressly limited the insurance to the coverages for which appellees paid a specific premium. They paid no premium for coverage A or coverage E, either of which afforded protection against loss by windstorm. Since appellees paid no premium for windstorm coverage we think it is clear that the parties intended that damages resulting therefrom should be excluded. The only material difference in the policies here and those in the Ohio Hardware Mutual and Chandler cases, *supra,* is that the policies in the case at bar authorize an additional coverage A which afforded appellees the additional opportunity of being indemnified against damage by tornado or windstorm.

We conclude that the losses sustained by appellees did not result from a hazard covered by their policies. The judgments are accordingly reversed and the causes dismissed.