Albert **HABAZ**, Appellant,

v.

**EMPLOYERS' FIRE INSURANCE COM-
PANY**, Appellee.

No. 15682.

United States Court of Appeals
Eighth Circuit.

May 1, 1957.

Richard W. Hobbs, Hot Springs, Ark.
(B. W. Thomas, Hot Springs, Ark., was
with him on the brief), for appellant.

E. L. McHaney, Little Rock, Ark.
(John M. Lofton, Jr., James M. McHa-
ney, G. Thomas Eisele, and Owens, Mc-
Haney, Lofton & McHaney, Little Rock,
Ark., were with him on the brief), for
appellee.

Before JOHNSEN, VOGEL and VAN
OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

Albert Habaz, appellant, brought this
suit to recover on a policy of insurance
issued to him by the appellee. Diversity
of citizenship and involvement of more
than the statutory requirement form the
basis for federal jurisdiction.

At the time in question, the appellant
was the operator of a shop at 322 Central
Avenue in Hot Springs, Arkansas. Cen-
tral Avenue forms the bottom of a nar-
row valley which in periods of rainfall
exceeding the capacity of storm sewers
becomes a drainway funneling water
through the City of Hot Springs. On the
morning of February 15, 1956, there
were severe cloudbursts at Hot Springs.
Central Avenue was flooded to a depth of
at least three feet. During or following
the cloudburst the front door of appel-
lant's shop caved in. The shop was flood-
ed with water and appellant's merchan-

dise was damaged in an amount alleged to be $16,299.08.

The pleadings, admissions, answers to interrogatories and appellant's pre-trial deposition established that at the time of the flood an automobile was propelled by the force of the flood waters onto the sidewalk in front of appellant's place of business in such a manner that it diverted flood waters against the door of appellant's shop, that the door was thus caused to break down, letting water into the shop with the resultant damage. Flood water entered some but not all of the other buildings on Central Avenue in the vicinity of the appellant's shop. The automobile that lodged in front of appellant's shop struck the front of the building, causing a slight crack in one of the small white tiles below one front show window but no water entered the building on that account. All of the water entered through the door opening, some little distance from the automobile itself.

It was admitted that the appellee had issued its policy of insurance to the appellant covering certain contents of the building located at 322 Central Avenue, Hot Springs, Arkansas, and that the policy had an extended coverage endorsement which, insofar as it may be pertinent herein, provided as follows:

> " * * * the coverage of this policy is extended to include *direct loss by* Windstorm, Hail, Explosion, Riot, Riot Attending a Strike, Civil Commotion, Aircraft, *Vehicles,* and Smoke." (Emphasis supplied.)

The endorsement further provided:

> "*Provisions Applicable Only to Loss by Aircraft and Vehicles*: The term 'vehicles', as used in this endorsement, means vehicles running on land or tracks but not aircraft. *Loss by* aircraft or by *vehicles shall include only direct loss resulting from actual physical contact of* an aircraft or *a vehicle with the property covered hereunder or with the building containing the property covered hereunder,* except that loss by aircraft includes direct loss by objects falling therefrom. This Company shall not be liable, however, for loss (a) by any vehicle owned or operated by the Insured or by any tenant of the described premises; (b) by any vehicle to fences, driveways, walks or lawns; (c) to any aircraft or vehicle including contents thereof other than stocks of aircraft or vehicles in process of manufacture or for sale." (Emphasis supplied.)

Appellant contended, and the appellee denied, that his loss was covered by the terms of the policy.

Based upon admission of facts, answers to interrogatories and the deposition of the appellant taken at the instance of the appellee, the appellee made a motion to dismiss which the court treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In granting appellee summary judgment, the trial court found that the policy involved was primarily a fire and lightning policy and that appellant's flood loss was not covered by the extended coverage endorsement, which included direct loss by vehicles. The trial court stated that it was basing its decision on two factors:

> "First, the loss sustained by plaintiff was not proximately caused by the contact of the vehicle with the building. The same damage could have occurred even though the vehicle never in fact touched the building, but was merely lodged close enough to the building to divert the water into the doorway. In other words, the striking of the building by the automobile was not the cause of the damage; the cause of the damage was the flood water that was diverted into the doorway by the automobile, which acted as a dam.

> "The second reason the Court is convinced that the defendant is entitled to a summary judgment is that the proximate cause of the damage was the flood water and not the ve-

hicle. It was the flood water which propelled the vehicle into the position shown by the photograph and it was the flood water that entered the building and caused the damage. In other words, the flood water was the initiating and proximate cause of the whole occurrence."

■ It is fundamental, of course, that summary judgment may not be granted unless there remains in the case no genuine issue as to any material fact. It is one of the appellant's contentions that a jury should have been allowed to determine whether the vehicle was propelled into position by flood waters or found its way there by other means. While we do not believe that the manner in which the vehicle was lodged between a parking meter and one of the show windows of the appellant's shop is of controlling importance here, nevertheless we are of the opinion that the District Court was thoroughly justified by the record in making the statement:

"During the course of the flash flood an automobile was propelled into the position shown on the photograph, above referred to, by the force of the flood water."

There is no allegation as to the manner in which the vehicle got into the position where it acted as a dam for the flood waters, but in answer to a request for admission of facts in that regard, the appellant, after first objecting to answering on the ground that his answer would be based on hearsay, stated that he was informed by other persons that the automobile was propelled into the position described by the force of the flood waters and gave the names of his witnesses with reference thereto. We accordingly believe that the District Court was correct in making the conclusion that it did and that no material fact issue remained in the case. Resort to summary judgment was proper.

■■ We also conclude that the trial court was correct in its statement that "the proximate cause of the damage was the flood water and not the vehicle".

This is not a case of having to choose from several possible proximate causes of loss, such as the appellant suggests. Here the active, initiating cause was the flood which set in motion a chain of events bringing about the result without the intervention of any new and independent force. The vehicular presence was a mere circumstantial incident in the events put in motion and controlled throughout by the flood waters. The loss did not in any way result from the fact that the object damming up the waters was a "vehicle". It was not being used as a vehicle at the time. Any object of similar mass could have produced a like result. The District Court was eminently correct in holding that this was flood damage and not "direct loss by vehicle".

The cardinal guidepost in the construction of contracts is the intention of the parties. 29 Am.Jur.Insurance § 157. The law of Arkansas is the same. Penn-National Hardware Mutual of Huntington, Pennsylvania v. Griffin, 1927, 174 Ark. 627, 296 S.W. 66, 53 A.L.R. 1106; Mercury Ins. Co. v. McClellan, 1950, 216 Ark. 410, 225 S.W.2d 931, 14 A.L.R.2d 806.

No Arkansas case construes the precise contractual provisions here involved; however, Mercury Ins. Co. v. McClellan, supra, indicates the attitude of the Arkansas Supreme Court on several points important to the determination of the instant case. In that case, two insurance contracts covering automobile collision or upset were to be construed. A tornado had picked up a vehicle, rolled it over a number of times, and blew it into a tree. The same tornado had also caused the wall of a building and a timber to topple onto another vehicle. The Supreme Court reversed the lower court and denied recovery under the usual "collision" and "upset" clauses of the policies. The decision was grounded on the intent of the parties at the time of making the contract. It simply was not contemplated by anyone that the insured risk included tornado damage. There was no question that the tornado was the proximate cause of the losses

but nevertheless the court said that the controlling factor was whether or not losses resulted from the precise risk insured against, at page 935 of 225 S.W. 2d:

"The liability of appellant depends upon whether the losses sustained were the result of a risk or hazard against which the appellees were covered by the policies."

This court bases affirmation of the District Court upon the same reasoning set forth in Mercury Ins. Co. v. McClellan, supra, 225 S.W.2d 931, 935:

"In a case involving the liability of an insurance carrier, Judge Cardozo said: 'General definitions of a proximate cause give little aid. Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts.' Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47, 51, 120 N.E. 86, 87, 13 A.L.R. 875.

"The right of appellees to recover and the liability of appellant to pay, must be determined by the intention of the parties as expressed in the policy. We must assume from the stipulations of fact that appellees only intended to avail themselves of the sort of protection which the policy shows they purchased. We think it is clear from the language and terms of the policy that appellees did not intend to pay for, and appellant did not intend to accept, the risk for insurance against losses arising from windstorm or tornado."

Certainly the vehicle that was rolled over several times and then blown into the top of a tree suffered "upset" and "collision", but the Supreme Court of Arkansas refused to sustain recovery on the basis that the tornado was the motivating force and the intention of the parties was not to insure against loss by tornado. Here, with equal vigor, it can be said that the insurance was for direct loss by vehicle and as the flood was the motivating force, the loss was not covered as being outside the intention of the parties. It could not reasonably have been within the contemplation of the parties when they entered into their contract that flood damage was to be covered, nor can we say that reasonable minds could differ on the conclusion that this is flood damage and not "direct loss by vehicle".

Under the law of Arkansas, a policy of insurance is to be construed most strongly against the company. That does not mean, however, that courts may achieve a forced construction plainly outside the language used in the policy contract. See Mercury Ins. Co. v. McClellan, supra, at page 933 of 225 S.W.2d. Here only through a forced construction of the language used could it be said that appellant's flood damage was covered by this policy of insurance against "direct loss by vehicle".

Affirmed.