**JEFFERSON INSURANCE COMPANY OF PINE BLUFF, ARKANSAS, Appellant,**

v.

**Lester H. HIRCHERT and Norman Hirchert, Appellees.**

No. 16356.

United States Court of Appeals Eighth Circuit.
Aug. 17, 1960.

Herschel H. Friday, Jr., Little Rock, Ark., and Louis L. Ramsay, Jr., Pine Bluff, Ark., for appellant.

Alston Jennings, Little Rock, Ark., for appellees.

Before SANBORN, MATTHES and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiffs (appellees), Lester H. Hirchert and Norman Hirchert, citizens of North Dakota, in a declaratory judgment action brought by them in June of 1957 against the Jefferson Insurance Company of Pine Bluff, Arkansas (appellant). The judgment determined that an automobile liability policy issued February 1, 1956, by the Company for the term of six months to Lester H. Hirchert while in the military service at Fort Bragg, North Carolina, covered whatever liability the plaintiffs may have had for bodily injuries and property damage resulting from an accident in which they and the insured automobile were involved on May 10, 1956, near Steele, North Dakota, and that the Company was obligated to investigate the accident and to defend against any claims or suits for injuries or damages arising therefrom.

At the time of the accident, Lester H. Hirchert was no longer in the military service, having been discharged on April 12, 1956. He was riding in the front seat of the insured automobile, which he still owned but which, with his permission, his brother Norman was driving. There were three persons in the car beside Norman and Lester Hirchert. Ap-

parently the automobile collided with a train. Bodily injuries and property damage resulted. Claims in excess of $3,000 were made against Norman Hirchert. The Company was duly notified, and demand was made upon it to investigate the accident and to defend against the claims. The Company refused to take any action, and denied that the policy in suit was applicable or furnished any coverage in respect to the accident.

The Company's denial of liability and coverage was based upon a "Military Personnel Endorsement," reading as follows:

> "Jefferson Insurance Company—
> Endorsement

> "Military Personnel Endorsement

> "For attachment to and forming part of Policy Number A 2374 issued to Sgt. Lester H. Hirchert.

> "In consideration of the premium it is understood and agreed that the policy is unlimited while the insured automobile is being driven upon a military reservation or public highways contiguous thereto, otherwise, it is agreed that the company will not be liable hereunder when the automobile is being operated by any person than the Named Insured or Insured's.

> "Nothing herein contained shall vary, alter, waive or extend any provision or condition of this policy, other than as above stated.

> "Effective date of policy 2–1–56 Effective date of this endorsement 2–1–56

> > "M. O'Connell
> > "Authorized Agent

> "Ft. Bragg Form U–105".

The form of the endorsement was drawn by the Judge Advocate's Department at Fort Bragg and was on file at that post. It was a special requirement of the military at Fort Bragg, and it was necessary for Lester Hirchert, while in service, to have the policy with the endorsement in order to drive his automobile in or onto the military post. Both policy and endorsement became effective the same day. The policy, without the endorsement, was the standard form for Arkansas on file with the Insurance Department of that State. It contained the usual "omnibus clause" providing, in substance, that the word "insured" includes the named insured and any person while using the automobile with his permission.

The policy was procured by Lester H. Hirchert through Colonel Edwin D. Bonner, a retired army officer, who lived adjacent to the army post. The Company was not licensed in the State of North Carolina. Colonel Bonner had authority to accept, on behalf of the Company, applications for automobile liability insurance from military personnel, to be forwarded to it for acceptance or rejection, together with the premium paid to him. He also had authority to bind the risk for a ten-day period pending the issuance of the policy applied for or rejection of the application.

The application signed by Lester H. Hirchert on February 1, 1956, was in the form of answers to questions. After the printed words "Permanent Home Address" appeared, also in print: "Policy to name the following additional drivers:". Spaces were provided for the insertion of such names. No names were inserted. Below the signature of the applicant appears: "Note: Coverage to be afforded is limited to applicant and other persons named as additional drivers." We find nothing in the policy which made the application any part of the contract of insurance.

The limits of liability under the policy, without the Military Personnel Endorsement, were, for bodily injury, $5,000 each person, $10,000 each accident, and, for property damage, $5,000 each accident.

 Were it not for the Military Personnel Endorsement, there could be no question as to the obligation of the Company, under its policy, to investigate the North Dakota accident, to defend against claims resulting from it against either

or both of the plaintiffs, and, within the limits of the policy, to pay whatever damages the plaintiffs were adjudged legally obligated to pay.

This case, then, turns upon the meaning and effect of the endorsement.

The Company contended that the endorsement restricted coverage to liability for injury and damage from the use of the automobile only while it was being operated by Lester H. Hirchert, the "Named Insured"; that the omnibus clause of the policy "was limited by the endorsement so that when the insured automobile was being driven upon a military reservation or public highway contiguous thereto there was no limitation upon coverage afforded as to persons insured, but when the automobile was being operated elsewhere coverage was limited to operation by the named insured only."

The District Court determined that the policy was a North Carolina contract; that the substantive law of that State was applicable; that, at the time of the accident in North Dakota, the automobile was being driven and operated by Norman Hirchert with the express consent of Lester H. Hirchert, who was a passenger and asleep in the front seat of the car; that the Military Personnel Endorsement was intended to be effective only while Lester H. Hirchert was in the military service, and ceased to be effective after his discharge; that even if the endorsement were to be regarded as effective thereafter, the language, "otherwise it is agreed that the company will not be liable hereunder when the automobile is being operated by any person than the Named Insured or Insured's,", can be construed to mean the named insured and the insured's permittee; that, unless so construed, the endorsement must be rejected as uncertain and indefinite; and that, because the policy contains the provision, "Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes," the Motor Vehicle Financial Responsibility Act of North Dakota, which requires that a policy of automobile liability insurance issued thereunder cover the named insured and those using the automobile with his permission, is a part of the contract.

While counsel for the Company believe that the contract of insurance was completed when the insured's application was accepted and the policy issued in Pine Bluff, Arkansas, and is therefore an Arkansas contract, they concede that it probably makes no difference whether the applicable law is that of Arkansas or of North Carolina. Needless to say, the English language is in common use in both states, and words are, no doubt, accorded substantially the same meaning in each of them. We agree with counsel for the Company that it was the duty of the trial court to apply the same law and to reach the same result as would probably be reached had the action been brought in a state court of Arkansas.

Broadly stated, the question for decision is whether the trial court reached a permissible conclusion in ruling that, under the applicable law, the plaintiffs, at the time of the North Dakota accident, had coverage under the policy despite the Military Personnel Endorsement.

The Company contends that the court erred (1) in holding that the endorsement was effective only while the named insured was in military service; (2) in interpreting the policy, with the endorsement, as affording coverage when the automobile was being operated in North Dakota by Norman Hirchert with the permission of Lester H. Hirchert, the named insured; and (3) in ruling that provisions of the Motor Vehicle Financial Responsibility Act of North Dakota, NDRC 1943, 39–1401 et seq., were to be read into the policy.

For the purposes of this opinion, we shall assume that the policy with the endorsement was an Arkansas contract, as the appellant contends, and that no statutory motor vehicle financial responsibility law of North Dakota or North Carolina or Arkansas was any part of it.

The law of Arkansas relative to the construction of insurance contracts apparently differs in no respect from that almost universally applied. Mr. Justice Sutherland, in Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416, stated the rule as follows:

> " * * * It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. * * * This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

> "Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. * * * "

See, also Penn-National Hardware Mutual v. Griffin, 174 Ark. 627, 637, 296 S.W. 66, 53 A.L.R. 1106, 1112; Life & Casualty Ins. Co. of Tennessee v. Kinney, 206 Ark. 804, 806, 177 S.W.2d 768, 770; Hawkeye Commercial Men's Ass'n v. Christy, 8 Cir., 294 F. 208, 213–214, 40 A.L.R. 46, 51–52; Habaz v. Employers' Fire Insurance Co., 8 Cir., 243 F.2d 784, 787, 64 A.L.R.2d 1184.

The meaning of the following sentence of the Military Personnel Endorsement is clear: "Nothing herein contained shall vary, alter, waive or extend any provision or condition of the policy, other than as above stated." What is "above stated" is "that the policy is unlimited while the insured automobile is being driven upon a military reservation or public highways contiguous thereto, *otherwise*, it is agreed that the company will not be liable *hereunder* when the automobile is being operated by any person than the Named Insured or Insured's." (Italics supplied.) The meaning of this language is certainly not clear or unequivocal. It could mean that while the automobile was being driven on a military reservation or the highways contiguous thereto, the policy became a contract covering unlimited liability for bodily injuries or property damage caused by the automobile no matter who was operating it and whether with or without permission of the named insured.

It seems reasonably clear that the effect of the endorsement was to provide added coverage while the automobile was being driven on the military post or on contiguous highways. Under the endorsement, if Lester H. Hirchert's automobile had caused injury or damage while being driven on the post, he had an "unlimited" policy covering his liability and that of anyone operating the automobile at the time. What, then, is meant by "otherwise, it is agreed that the company will not be liable hereunder when the automobile is being operated by any person than the Named Insured or Insured's"? Does the word "hereunder" mean under the military endorsement making the policy "unlimited" when the automobile was driven on a military post or contiguous highways? If so and if the "Named Insured or Insured's" means Lester H. Hirchert alone, then his policy while he was operating his automobile after his discharge from the army and away from Fort Bragg was an "unlimited" policy, and a limited policy only when someone else was operating it. If the word "Insured's" was intended to cover those coming within the definition of the omnibus clause of the policy, as the trial court ruled, then the troublesome language in controversy was surplusage.

As already stated, the endorsement was a requirement of the military authorities at Fort Bragg, drawn by the Judge Advocate's Department. The Company had to have special endorsement forms printed to comply with the requirement in issuing policies to those

in military service at that post. There is no apparent reason why the military should have concerned themselves about the coverage of the policy while the insured automobile was away from the military post and its contiguous roads. For that matter, there was no reason why the Company, if it wanted to limit its potential liability under the omnibus clause of its Arkansas standard form of policy, should, in order to accomplish that purpose, have relied upon a crudely worded military endorsement prepared by the army.

We go no further than to say that we think that the language of the Military Personnel Endorsement was sufficiently obscure and equivocal as a limitation of the liability of the Company under the omnibus clause of the policy in suit to justify the conclusion of the trial court that the automobile of Lester H. Hirchert was covered while being operated by Norman Hirchert at the time of the North Dakota accident.

The judgment appealed from is affirmed.