Joseph A. CINCOTTA and Judith A. Cincotta, Plaintiffs,

v.

NATIONAL FLOOD INSURERS ASSOCIATION, Defendant.

No. 75–C–1833.

United States District Court, E. D. New York.

Dec. 13, 1977.

■

---

Cordes, Purcell, Fritz & Ingrao, P. C., Mineola, N. Y., for defendant.

Guy R. Vitacco, Elmhurst, N. Y., for plaintiffs.

Memorandum of Decision and Order

MISHLER, Chief Judge.

Plaintiffs purchased a single family dwelling in 1969 (built in the 1940's) located at 2860 Alder Road, Bellmore, Long Island on a plot of land 60′ × 70′. The rear (south side) of the house is 18′ from a canal. The rear yard slopes to the top of the bulkhead of the canal so that the top of the bulkhead is approximately 20″ lower than the lot line at the rear of the house. The basement of the house is constructed of concrete block buttressed by an inner concrete wall. The basement floor is approximately two feet below the high water mark of the channel. Plaintiffs have experienced seepage of water in the basement to a level of about 2″ periodically two or three times each year. The heating system, fired by an oil burner, is protected against the flooding by a concrete lip. The basement has a sump pump, that operates automatically when the water in the basement reaches a level of 5″.

On Sunday, December 15, 1974, the area witnessed heavy rains that continued into Monday, December 16, 1974. At about noon on December 16, 1974 the waters of the canal crested and overflowed through the basement window and flooded the basement to a height of 20″.

The plaintiffs instituted this action for damages incurred as a result of the flood on December 16, 1974 based on a policy of insurance issued by the defendant through the Great American Insurance Co., insuring "against all direct loss by flood"[1] in the maximum amount of $17,500 on the dwelling (in addition to $5,000 on contents). Defendant disclaims liability on the ground that the damages claimed " . . . are not damages as covered by the [within] policy of insurance as said policy of insurance does not cover damages caused by or as a result of pre-existing conditions, pre-

---

1. Flood is defined in the policy in pertinent part as " . . . a general and temporary condition of partial or complete inundation of nor- mally dry land areas from (1) the overflow of inland tidal waters  .  .  . "

existing damages and/or damages pre-existing." (Second affirmative defense).[2]

Policies of insurance are construed liberally in favor of the insured. *Aschenbrenner v. United States Fidelity & Guaranty Co.,* 292 U.S. 80, 54 S.Ct. 590, 78 L.Ed. 1137 (1934). The insurer drafts the language determining the scope of the coverage and the exclusions. "[I]f the insurer desires to have more remote causes determine the scope of the exclusions, he may draft language to effectuate that desire." (emphasis added). *Pan American World Air., Inc. v. Aetna Cas. & Sur. Co.,* 505 F.2d 989, 1007 (2d Cir. 1974).

The occasional presence of water in the basement may have weakened the foundation but the flooding on December 16, 1974 was the immediate and direct cause of the settling of the foundation and damage to the concrete block wall and to the inner concrete east wall of the basement.

█ Since an action on a contract of insurance " . . . is not a tort action, the horrendous niceties of the doctrine of so-called 'proximate cause,' employed in negligence suits, apply in a limited manner only to insurance policies." *New York, New Haven and Hartford R. Co. v. Gray,* 240 F.2d 460, 465 (2d Cir. 1957). The concept of proximate cause when applied to actions on insurance policies is what men would ordinarily think of as the cause of the loss, *Bird v. St. Paul Fire and Marine Insurance Co.,* 224 N.Y. 47, 52, 120 N.E. 86, 87 (1918). The words "all direct loss by flood" "limits the inquiry to the facts immediately surrounding the loss," *Pan American World Air., Inc. v. Aetna Cas. & Sur. Co.,* supra at 1006.

█ The court finds that the flood of December 16, 1974 proximately caused the damage to the foundation. The court finds that plaintiffs were damaged in the amount of $13,500.

The Clerk is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $13,500 together with interest from February 17, 1975 together with costs and disbursements.

The judgment sum shall first be applied to the payment of the mortgage lien. The court retains jurisdiction over the subject matter of the litigation for the purpose of determining the payment to the mortgagee. In the event of a dispute the judgment debtor may satisfy the judgment by paying the judgment sum to the Clerk of the court to be held by him subject to the further order of the court.

---

2. The defense further alleges that plaintiffs knew and concealed the existence of the pre-existing condition and damage. No evidence was offered to support this affirmative defense except the presence of water to the height of two inches on two or three occasions each year.